In the MATTER OF Abdul W. KAZI, M.D. and Samina W. Kazi, Debtors.

APPEAL OF Stephen R. CLARK, Trustee, and Blunt, Ellis & Loewi, Incorporated.

Nos. 92–1346, 92–1455.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 10, 1992.

Decided Feb. 2, 1993.

Thomas E. Douglass, Timothy E. Hayes (argued), Coburn & Croft, St. Louis, MO, Kevin J. Stine, and Sue A. Schultz, Thompson & Mitchell, Belleville, IL, for appellants.

Joel A. Kunin and Steven T. Stanton (argued), Carr, Korein, Tillery, Kunin, Montroy, Glass & Bogard, East St. Louis, IL, for Abdul W. Kazi, M.D., debtor-appellee.

Samina W. Kazi, debtor-appellee pro se.

Before POSNER and RIPPLE, Circuit Judges, and CRABB, Chief District Judge.[1]

CRABB, Chief District Judge.

This is an appeal from a bankruptcy proceeding under Chapter 7 of the Bankruptcy Code. Abdul Kazi and Samina Kazi, debtors in this action, claimed as exempt from the bankruptcy estate pension trust funds and funds in two IRA accounts. The appointed trustee filed a complaint for turnover, contending that the funds should be included in the estate. The bankruptcy court and district court found in favor of the debtors, holding that the failure on the part of the trustee and Blunt, Ellis & Loewi to object timely to the claimed exemptions prevented the inclusion of the pension trust funds in the bankruptcy estate. We affirm.

## FINDINGS OF FACT

The bankruptcy court judge made the following findings which were affirmed by the district court.

On February 28, 1990, the Kazis, debtors, filed a joint bankruptcy petition under Chapter 7 of the Bankruptcy Code. Dr. Kazi is the sole shareholder and director of a professional corporation known as Abdul W. Kazi, M.D., Ltd., and he is a participant in the Abdul Kazi, M.D., Ltd. Money Purchase Pension Plan and the Abdul Kazi, M.D., Ltd. Profit Sharing Plan. Debtors filed their original schedules on March 15, 1990, listing as exempt $430,000 in "pension trust funds." On May 18, 1990, debtors filed an amendment to their original schedules claiming as exempt $14,000 in an Individual Retirement Account owned by Dr. Kazi and $11,000 in an Individual Retirement Account owned jointly by debtors. No objections to the claimed exemptions were filed within the 30–day time limit required by Bankruptcy Rule 4003(b).

On July 19, 1990, Blunt, Ellis and Loewi, a major unsecured creditor, filed objections to the exemptions, contending that debtors were not entitled to claim as exempt either the pension trust funds or the funds in the IRAs. Debtors moved to strike the objections as untimely. On August 2, 1990, the trustee filed a complaint for turnover, requesting that debtors be ordered to turn over all funds held in the pension trust funds as well as the funds in the IRAs. Debtors filed a motion to dismiss the complaint, arguing that the funds in question were not property of the estate, and that even if they were, debtors were entitled to claim the funds as exempt under Ill.Rev. Stat. ch. 110, ¶ 12–1006(a).

The bankruptcy court and district court could have found from the record the additional undisputed fact that before the 30–day period to object had expired, debtors had actual notice that the trustee and Blunt, Ellis & Loewi opposed the claimed exemption of the pension trust funds. (For convenience, we will refer to both the trustee and Blunt, Ellis & Loewi as the trustee; their interests on this appeal are identical.)

On February 4, 1991, the United States Bankruptcy Court for the Southern District of Illinois granted summary judgment for debtors, holding that the objections to debtors' exemption claims with respect to the

---

1. The Honorable Barbara B. Crabb, Chief Judge of the Western District of Wisconsin, is sitting by designation.

pension trust funds were untimely, making it unnecessary to determine whether Ill. Rev.Stat. ch. 110, ¶ 12–1006(a) is preempted by ERISA.[2] 125 B.R. 981. The trustee appealed the decision to the United States District Court for the Southern District of Illinois, which affirmed the decision. On March 23, 1992, the trustee filed this appeal.

Jurisdiction was present in the bankruptcy court under 28 U.S.C. § 157(b)(2) and in the district court under Bankruptcy Rule 8001(a) and 28 U.S.C. § 158. Jurisdiction is present on appeal under Fed.R.App.P. 6(b) and 28 U.S.C. § 158.

## OPINION

All the issues raised in this appeal are questions of law that are subject to *de novo* review. *Matter of Yonikus*, 974 F.2d 901, 904 (7th Cir.1992); *Matter of Newman*, 903 F.2d 1150, 1152 (7th Cir.1990).

■ Upon commencement of an action in bankruptcy, all property in which the debtor has a legal or equitable interest becomes property of the bankruptcy estate, subject to certain exceptions. 11 U.S.C. § 541; *Matter of Young*, 806 F.2d 1303 (5th Cir.1987). Once the property becomes part of the bankruptcy estate, the debtor is allowed to claim as exempt certain property interests and the trustee or creditors are given an opportunity to object to the claimed exemptions. *See* 11 U.S.C. § 522(*l*); Bankruptcy Rule 4003(b); *Matter of Young*, 806 F.2d at 1305.

The bankruptcy court determined that debtors could not rely on 11 U.S.C. § 541(c)(2) to avoid the initial placement of the pension trust funds in the bankruptcy estate because the funds did not qualify as a spendthrift trust that would be excludable from the bankruptcy estate under Illinois law.[3] *See* Ill.Rev.Stat. ch. 110 ¶ 12–1006(c); George M. Treister et al., *Fundamentals of Bankruptcy Law* 129 (2d ed.

1988) ("the Section 541(c)(2) exclusion is limited to traditional spendthrift trust interests that are recognized by state law"). Once it had held the trust funds were part of the bankruptcy estate, the bankruptcy court allowed debtors to claim them as exempt. Debtors have not appealed the initial decision to include the pension trust funds in the bankruptcy estate. The only question to be addressed in this appeal is whether the trustee's objections to debtors' claimed exemptions should have been entertained by the bankruptcy court despite their late filing.

■ The first issue is whether Bankruptcy Rule 4003(b) acts as an absolute bar to hearing the trustee's objections to the exemptions whatever the underlying merits of the debtors' exemptions and the debtors' actual knowledge of the trustee's opposition to their exemptions. The Supreme Court's recent opinion in *Taylor v. Freeland & Kronz*, — U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), leaves no doubt about the answer. Failure to file a timely objection is an absolute bar to consideration of the merit of the exemptions.

Section 522(*l*) of the Bankruptcy Code provides:

> The debtor shall file a list of property that the debtor claims is exempt under Subsection (b) of this Section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C. § 522(*l*). Rule 4003(b) of the Bankruptcy Code sets forth the deadline within which such objections must be filed.

> The trustee or any creditor may file objections to the list of property claimed as exempt within thirty days after the conclusion of the meeting of creditors held

---

**2.** The bankruptcy court found that the trustee's objection to the claimed exemption for the Individual Retirement Accounts in debtors' Amended Schedules was timely filed but that the objection had no basis in law. The trustee did not appeal this issue.

**3.** 11 U.S.C. § 541(c)(2) provides:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

pursuant to Rule 2003(a) or the filing of any amendment to the list, unless, within such period, further time is granted by the Court.

The parties agree that the trustee failed to file objections within 30 days of the creditors' meeting. The parties agree also that debtors had actual notice of the trustee's opposition to the claimed exemption within the 30–day period.

Before *Taylor*, courts took three different approaches to the question whether an objection should be considered when it is not timely filed: the literal approach, the matter of law approach, and the good faith approach. Under the "literal" approach, if the objection is not timely, it is stricken and there is no examination of the merits of the exemption. *See, e.g., In re Bradlow*, 119 B.R. 330 (Bankr.S.D.Fla.1990); *In re Duncan*, 107 B.R. 754 (Bankr.W.D.Okla.1988); *In re Payton*, 73 B.R. 31 (Bankr.W.D.Tex. 1987). Under the "good faith" approach, which the bankruptcy court and district court used in this case, if debtors have a good faith statutory basis for the exemption, an untimely objection to the exemption will not be considered. *See, e.g., In re Peterson*, 920 F.2d 1389, 1393–94 (8th Cir. 1990); *In re Dembs*, 757 F.2d 777, 780 (6th Cir.1985). Finally, under the "matter of law" approach, an objection to an exemption is not necessary if the debtor's claimed exemption is invalid as a matter of law. Under this theory, the failure to object to an unlawful exemption does not turn an unlawful exemption into a lawful one under § 522(b). *See, e.g., In re Stutterheim*, 109 B.R. 1010 (D.Kan.1989); *In re Velis*, 109 B.R. 64 (Bankr.D.N.J.1989). In urging us to adopt this third approach, the trustee argues that the bankruptcy court should have analyzed whether ERISA preempted the Illinois state exemption law.

The trustee makes the related argument that failure to file a written objection to the claimed exemption within the 30–day period does not mean a court may not consider the objection if the debtors had actual notice of the objection. He cites cases in which "actual notice" of objections was found to suffice, although written objections were never filed. *See Matter of Young*, 806 F.2d 1303; *In re Owen*, 74 B.R. 697 (Bankr. C.D.Ill.1987). According to the trustee, the purpose of the 30–day rule is to provide notice of objections to claimed exemptions; actual notice is sufficient to carry out the purpose of the rule. Moreover, he argues, refusing to consider the objection because of failure to file a written objection would be a miscarriage of justice: debtors would be able to receive exemptions in property that is not legally exempt, although they had notice of objections to the claimed exemptions. The trustee points out that in this case, for example, debtors were allowed a $430,000 exemption that the trustee alleges they were not legally entitled to receive.

In *Taylor*, —— U.S. ——, 112 S.Ct. 1644, the Supreme Court resolved the differences in approaches by adopting the "literal approach" to govern objections to claimed exemptions under Rule 4003(b). The debtor had filed a Chapter 7 bankruptcy petition and claimed as exempt property money she expected to win in a discrimination lawsuit. During the creditors' meeting, the trustee asked for details concerning the lawsuit, but ultimately decided not to object to the suit because he did not believe the debtor would recover enough money to exceed the exemption limitation. After the 30–day period had run, the Pennsylvania Supreme Court found in the debtor's favor on her discrimination suit and she received $110,000 in a settlement of her claim for damages. Upon learning of the settlement, the trustee filed a complaint in bankruptcy court, demanding that the debtor turn over the money to the trustee. Employing the "matter of law" approach, the bankruptcy court found for the trustee, finding that the debtor had "no statutory right" to claim the entire proceeds of the lawsuit as exempt. The Court of Appeals for the Third Circuit reversed on the ground that the trustee had failed to object to the claimed exemption in a timely manner as provided by Rule 4003(b). *Taylor*, —— U.S. at ——, 112 S.Ct. at 1647.

The Supreme Court affirmed, holding that Rule 4003(b) barred the trustee from challenging the validity of the exemption,

although both parties conceded the debtor had no right to exempt more than a small portion of the settlement award. The Court rejected the trustee's argument that Rule 4003(b) and § 522($l$) serve only to narrow judicial inquiry into the validity of an exemption and allow the invalidation of a claimed exception if the debtor did not have a good faith basis for claiming it. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id.* — U.S. at ——, 112 S.Ct. at 1648. Responding to the trustee's argument that a literal reading of 4003(b) would lead debtors to claim property exempt in the hopes the trustee will fail to object on time, the Court noted that penalties exist for engaging in improper conduct in bankruptcy proceedings. *Id.* Under *Taylor*, once the 30–day period to object expires, a debtor's claimed exemption cannot be challenged regardless whether it has a basis in law.

*Taylor* makes it clear that the bankruptcy court was correct in allowing the debtors' exemption to stand. Moreover, *Taylor* forecloses the trustee's "actual notice" argument. If the time limitation of Rule 4003(b) is to be interpreted literally, it follows that the requirement of written objections should also be interpreted literally. It would be inconsistent with *Taylor's* emphasis on finality to allow objecting parties to raise the issue of the debtors' actual notice of opposition to claimed exemptions after the 30–day period has run. Therefore, summary judgment for debtors is affirmed on this issue under the "literal" approach adopted by the Supreme Court in *Taylor*. *See Reed v. AMAX Coal Co.*, 971 F.2d 1295, 1298 (7th Cir.1992) (appellate court may affirm on any ground for which it finds support in the record).

The trustee argues next that he had no duty to object to the claimed exemption until the property was found to be "property of the estate" under § 541($l$). According to the trustee, debtors attempted to exclude the pension trust funds from the estate on their Schedule B–2 pursuant to § 541(c)(2) and did not include the pension trust funds on their Summary of Debts and Property. He contends that debtors should not have been able to claim the pension trust funds as an exemption until the bankruptcy court declared the funds part of the estate. If the trustee is correct, he had no obligation to object until this determination was made, rendering his written objection timely.

The time limitation in Rule 4003(b) relates to the list of exemptions claimed by the debtor rather that the substantive determination whether certain property is actually property of the estate. Debtors placed the pension trust funds on their list of exemptions and stated on their schedules that they claimed the pension trust funds and IRAs as exempt "if said property is property of the estate." The bankruptcy court held and the district court affirmed that the trustee had a duty to file their objections to debtors' exemptions within 30 days regardless whether such exemptions may be characterized as "conditional." We agree. The bankruptcy court noted that determining whether debtors may exempt retirement plans from the bankruptcy estate nearly always requires a two-step analysis (whether the plans constitute property of the estate and, if so, whether debtors may claim them as exempt) that is made *after* objections to exemptions have been filed or a turnover action commenced. Under the trustee's analysis, parties would not have to file any objections to a debtor's claimed exemptions until a bankruptcy court had ruled on the items to be included in the estate. Such a holding would render Rule 4003(b) a nullity and run counter to the principles of finality stressed in *Taylor*. Trustees and creditors could fail to object to any conditional exemption, wait for the bankruptcy court ruling on what must be included in the estate and then file objections to the exemptions. No case law supports this result. The cases cited by the trustee on this issue are distinguishable and his argument is contrary to good sense. A "conditional" exemption is not to be treated differently from an exemption that is clearly part of the estate from the outset.

The trustee has an additional argument: that debtors' claimed exemptions were timely because they were filed within 30 days of the time that the trustee received debtors' Amended Schedules. The trustee filed objections to claimed exemptions of the pension trust funds on July 19, 1990, within 30 days after receipt of the Amended Schedules, but not within 30 days of the filing of the Amended Schedules.

Rule 1009 requires that "the Debtors shall give notice of any amendment to the trustee and to any entity affected thereby." The trustee argues that Blunt, Ellis was an "entity affected" by the amendment. *See In re Woodson,* 839 F.2d 610, 615 (9th Cir.1988) (court excused creditor's failure to file objection within 30 days of amendment because creditor was an "entity affected" by Amendments that had not been given notice of the Amendment). The bankruptcy court agreed. It found that the trustee had 30 days from the time it received the amended schedules to object to the new exemptions claimed in the amendment. However, it rejected the trustee's argument that the language of Rule 4003(b) does not limit objections to actual amendments but allows objections to any items appearing on the original list as well. It held that if exemptions previously claimed have become final by the lack of a successful objection prior to the amendment, the objection may go only to those exemptions affected by the amendment. The filing of an amended schedule does not reopen the time to object to the original exemptions.

Once again, we agree. *See, e.g., In re Payton,* 73 B.R. 31 (holding that filing of "any" amendment does not reopen the time period for asserting an objection; trustee could object only to actual amendments to the list). *See also Matter of Gullickson,* 39 B.R. 922, 923 (Bankr.W.D.Wis.1984) (Rule 4003(b) intended to allow for objections to those amendments actually made, and not to reopen previously determined issues). It makes no sense to interpret Rule 4003(b) in the manner urged by the trustee. Once again, such a holding would controvert the principles of finality expressed in *Taylor* and other cases. Debtors are entitled to the claimed exemptions in the pension trust funds.

AFFIRMED.