**In the Matter of Thomas R. SALZER, d/b/a TRS Automotive, Debtor–Appellant.**

No. 94–3155.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 6, 1995.

Decided April 18, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied June 14, 1995.

David R. Steiner, Michael P. O'Hara, Thomas P. Yoder (argued), Barrett & McNagny, Fort Wayne, IN, for appellee.

Thomas R. Salzer (argued), Fort Wayne, IN, pro se.

Before MANION and ROVNER, Circuit Judges, and NORGLE, District Judge.*

NORGLE, District Judge.

This is an appeal from the district court's order affirming the bankruptcy court's grant of summary judgment in favor of the defendant in an action brought by the debtor for breach of the automatic stay. 11 U.S.C. § 362(a). We affirm.

## I.

Thomas Rodger Salzer ("Salzer") filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code on December 6, 1989. Salzer was engaged in the business of automotive salvage, repair, and sales in Fort Wayne, Indiana. On or about July 28, 1992, while operating as debtor-in-possession, Salzer entered into an oral periodic lease with Donald E. Stinson ("Stinson") for non-residential real property at 2206 Broadway, Fort Wayne, Indiana (the "leasehold premises"). The rental amount was five hundred dollars per month, payable in advance, and the lease was on a month-to-month basis. Salzer paid rent in August, September, and October. He made no rent payments after October 1992.

Salzer's case was converted into a Chapter 7 case on September 29, 1992, and a trustee was appointed. The trustee did not act to assume or reject the oral lease between Salzer and Stinson within sixty days of the order of relief entered on September 29, 1992. On January 4, 1993, Salzer filed a list of property he claimed as exempt. The list included personal property located on the leasehold premises. Salzer amended his list of exemptions on April 1, 1993. No objec-

---

* Honorable Charles R. Norgle, Sr., of the North-    ern District of Illinois, sitting by designation.

tions were filed to either the original or amended list.

On March 1, 1993, on his own initiative, Stinson placed a utility trailer that was on the leasehold premises in a locked storage locker. Salzer had claimed the trailer as exempt property. On April 1, 1993, the trustee directed Stinson to secure the personal property located on the leasehold premises. Stinson did so by locking the leasehold premises with the personal property inside and denying Salzer access to it. Salzer had also claimed as exempt the property Stinson locked inside the leasehold premises.[1]

On April 13, 1993, proceeding *pro se*, Salzer filed a complaint for damages pursuant to 11 U.S.C. § 362(h) in the bankruptcy court asserting that Stinson's actions violated 11 U.S.C. § 362(a)(3), a provision of the automatic stay. Subsequently, Stinson moved for summary judgment on the claim, and the bankruptcy court granted the motion. The district court affirmed, and Salzer appealed.

## II.

■ We review the bankruptcy court's findings of fact under a clearly erroneous standard. *In re Yonikus*, 974 F.2d 901, 903 (7th Cir.1992). We review conclusions of law made by the bankruptcy court *de novo*. *In re Kazi*, 985 F.2d 318, 320 (7th Cir.1993).

### A. *Personal Property Secured at Trustee's Direction*

Salzer contends that Stinson violated the automatic stay when, at the direction of the trustee, he secured the personal property located at the leasehold premises and denied Salzer access to it. Salzer theorizes that because there was no objection to his claim of exemption in the property within the thirty days allotted by Bankruptcy Rule 4003(b), title to the property revested in him, and he

was entitled to physical possession of the property at the end of the thirty days. Consequently, he asserts, Stinson's refusal to turn over the property upon his demand violated the automatic stay.

■ Upon the filing of a bankruptcy, all property of the debtor becomes property of the bankruptcy estate. 11 U.S.C. § 541; *In re Kazi*, 985 F.2d at 320. However, the debtor can prevent certain property from being used to satisfy his creditors by claiming it as exempt. 11 U.S.C. § 522(*l*); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992). Once the debtor claims property exempt, the creditors and trustee have the opportunity to object to the claimed exemptions. 11 U.S.C. § 522(*l*); Bankruptcy Rule 4003(b); *In re Kazi*, 985 F.2d at 320. Failure of a trustee or creditor to object within the thirty days provided by Bankruptcy Rule 4003(b) waives the right to contest the validity of an exemption. *Taylor*, 503 U.S. at 644, 112 S.Ct. at 1648.

■ However, the running of the thirty day period without objection does not mean that the debtor is entitled to possession of the property on the thirty-first day. The statutory scheme established by Indiana law[2] allows the debtor to claim as exempt, *inter alia*, "[r]eal estate or tangible personal property of four thousand dollars ($4,000)." Ind. Code § 34-2-28-1(a)(2).[3] Under that scheme, in conjunction with 11 U.S.C. § 522(*l*), the debtor is required to file a list of property claimed as exempt. The officer holding the execution, the trustee when the debtor is in bankruptcy, is then obligated to have the property appraised and set apart. He then must sell other property subject to execution (non-exempt property). Ind.Code § 34-2-28-7. Thus, the statutory scheme envisions an appraisal ordered by the trustee insuring that the true value of the property claimed as exempt coincides with the debtor's

---

1. The trustee eventually abandoned the property pursuant to 11 U.S.C. § 554(a).

2. Indiana has opted out of the exemption scheme contained in the Bankruptcy Code. *See* 11 U.S.C. § 522(b); Ind.Code § 34-2-28-.05.

3. Both the bankruptcy and district courts held that a claim of exemption merely entitles the debtor to receive the value of the claimed exemption after the property is liquidated. This is not necessarily true. The nature and extent of allowable exemptions is a matter of state law. *See In re Geise*, 992 F.2d 651, 655-56 (7th Cir.1993); *In re Ondras*, 846 F.2d 33, 35 (7th Cir.1988).

valuation and that it does not exceed the four thousand dollar statutory limit. Property claimed as exempt but exceeding the statutory limit in appraised value is to be sold. *See id.*[4]

■■■ Accordingly, the statutory scheme anticipates the trustee's continued administration of the exempted property until such time as its value is definitively determined. Clearly this is appropriate because while the failure to object to an exemption does waive any right to contest the validity of the exemption, such a failure does not waive the estate's right to any excess value over the allowed exemption limit. *In re Bronner,* 135 B.R. 645, 647 (9th Cir. BAP 1992); *In re Hyman,* 123 B.R. 342, 348–49 (9th Cir. BAP 1991) *aff'd* 967 F.2d 1316 (9th Cir.1992); *In re Page,* 171 B.R. 349, 352 (Bankr.W.D.Wis. 1994).[5]

■■■ The trustee has a statutory duty to collect and liquidate the property of the estate. 11 U.S.C. § 704(1). He is accountable for all property received, 11 U.S.C. § 704(2), and he owes a fiduciary duty to the creditors. *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 355, 105 S.Ct. 1986, 1994, 85 L.Ed.2d 372 (1985). Indiana law requires that the trustee cause the property claimed as exempt to be appraised so that property in excess of the allowable limit can be sold. Ind.Code § 34–2–28–7. This procedure enables the trustee to fulfill his duty under the Bankruptcy Code to "maximize the value of the estate." *Weintraub,* 471 U.S. at 352, 105 S.Ct. at 1992. In order to achieve this end, under Indiana law,

the trustee has the right to possession of the personal property that the debtor has claimed as exempt. Ind.Code § 34–2–28–7. Allowing a debtor the right to immediate possession of property claimed as exempt upon the running of the thirty day period provided by Bankruptcy Rule 4003(b) would be inconsistent with, and impede, the trustee's duties under Indiana and federal law. We hold that there is no such right.

■■■ On April 1, 1993, the trustee had the right to possess the personal property located at the leasehold premises, and Salzer did not. Salzer having no right to possess the property, Stinson's refusal to turn the property over to Salzer when he demanded it, did not violate the automatic stay. Furthermore, because the trustee had the authority to possess the property, he had the authority to direct Stinson to secure it on his behalf. Consequently, Stinson was acting under the valid direction of the trustee, and Stinson did not violate the automatic stay by securing the personal property notwithstanding Salzer's claim of exemption.

### B. *Personal Property Secured by Stinson on His Own Initiative*

On March 1, 1993, acting without direction from the trustee, Stinson placed a utility trailer that was on the leasehold premises in a locked storage locker.[6] Salzer had claimed the trailer as exempt, and he charges that Stinson's actions violated the automatic stay. Salzer's claim is meritless.

---

4. While the statute does not explicitly state that property appraised at above the exemption limit shall be sold, the statutory scheme leads ineluctably to this conclusion. Section 34–2–28–5 states that any party seeking a second appraisal must pay the costs of the reappraisal, unless the property is reappraised at enough above the exemption limit to meet the costs of the second appraisal. If property claimed as exempt but exceeding the exemption limit was not to be sold, no appraisal or reappraisal would be necessary.

5. Salzer argues that if the property had no value in excess of the exemption limit, then there was no excess value for the trustee to administer. Salzer did not make this argument before the bankruptcy court and it is, therefore, waived. *In re Hunter,* 970 F.2d 299, 306 (7th Cir.1992).

Furthermore, the argument fails to consider the trustee's ability to administer the property until such time as the value is determined.

6. Salzer originally claimed that Stinson also violated the stay by seizing a quantity of lumber along with the trailer. However, he conceded in the bankruptcy court that the lumber was never property of the estate, and he did not assert that it was claimed as exempt. (Decision of the Bankruptcy Court at 10.); (Mot. in Opp'n of Def.'s Mot. for Sum. J. 8.) Therefore, any actions of Stinson with regard to the lumber did not violate the automatic stay. Furthermore, even if the issue were not conceded, our analysis regarding the trailer would be equally applicable to the lumber.

■ Under the Bankruptcy Code, an entity in possession, custody, or control of property that the trustee is entitled to possess, including property that the debtor may exempt, must turn that property over to the trustee. 11 U.S.C. § 542(a).[7] Salzer asserts that he had a key to the leasehold premises and complete access to it through April 1, 1993. From this, Salzer deduces, without citation to any authority, that Stinson was not in possession of the trailer at the time he put it in the locker. (App.Br. at 10–11). This argument is waived. *See Varhol v. National R.R. Passenger Corp.*, 909 F.2d 1557, 1566 (7th Cir.1990) (holding that a claim is waived on appeal when not supported by citation to relevant authority).

■ Notwithstanding the waiver, when Salzer's bankruptcy was converted to a Chapter 7 on September 29, 1992, the trustee took no action to accept or reject the lease within sixty days. At that point, the lease was rejected and the leasehold surrendered to Stinson. This terminated the automatic stay. 11 U.S.C. § 365(d)(4); *In re James Wilson Assoc.*, 965 F.2d 160, 164 (7th Cir. 1992). Furthermore, even if that provision had not terminated the stay, the oral month-to-month lease with rent payable in advance was terminated as a matter of Indiana law when Salzer failed to pay rent in November 1992. Ind.Code § 32–7–1–7; *In re Depoy*, 29 B.R. 466, 469 (Bankr.N.D.Ind.1983). The lease having been terminated, the leasehold premises was no longer subject to the automatic stay. 11 U.S.C. § 362(b)(10).

■ Because the lease and the stay both had terminated, Salzer had no rights in the leasehold premises on March 1, 1993. That Stinson gratuitously allowed Salzer access to the premises did not give him a right to be on the property. *See Wallace v. Rogier*, 182 Ind.App. 303, 395 N.E.2d 297, 299 (1st

Dist.1979); Ind.Code § 32–7–1–7. Therefore, Stinson was in possession, custody, or control of the leasehold premises and the trailer on March 1, 1993, when he placed it in the storage locker. Because neither the estate nor Salzer had any rights in the real estate where the trailer was located, and because it was property subject to turnover under 11 U.S.C. § 542(a), Stinson's actions in placing it in a storage locker did not violate the automatic stay.

### C. *The Leased Premises*

■ Salzer asserts that he had a valid lease agreement as of April 1, 1993, for the leased premises. Salzer contends that by denying him access to the leased premises after April 1, 1993, Stinson violated the automatic stay. In addition, he argues that because of the valid lease, Stinson was not an entity in possession, custody, or control of the premises, or personal property located there, and, consequently, he had no obligation under 11 U.S.C. § 542(a) to turn over the property to the trustee. A review of the record reveals that in the bankruptcy and district courts, Salzer asserted that on March 30, 1993, he entered into a second oral, month-to-month lease with Stinson for the leasehold premises to begin on April 1, 1993. (Salzer Aff. in Supp. of Mot. in Opp'n to Sum. J. ¶ 21.)[8] Nevertheless, the original leasehold interest was rejected by the trustee and had also lapsed as a matter of Indiana law. Thus, the protection afforded to Salzer by the automatic stay ended as well. 11 U.S.C. §§ 365(d)(4) and 362(b)(10); *In re James Wilson Assoc.*, 965 F.2d at 164. Any new leasehold interest that Salzer may have had as the result of an oral agreement with Stinson made on March 30, 1993, was not subject to the automatic stay. Therefore, Stinson's

---

**7.** The Bankruptcy court found that Salzer had submitted no evidence that Stinson was doing anything other than securing the trailer for delivery to the trustee. (Decision of the Bankruptcy Court at 11.) He makes no assertion in this court that the bankruptcy court erred in making that finding.

**8.** The bankruptcy court found that no lease existed on April 1, 1993, without making any reference to Salzer's affidavit. We can discern no

reason for the bankruptcy court's failure to consider the affidavit, and the finding that there was no lease on a motion for summary judgment may have been erroneous. *See* Fed.R.Civ.P. 56(c). Nonetheless, the potential error does not affect the outcome of the case, and thus, the issue of whether a lease existed as of April 1, 1993, does not preclude affirming the grant of summary judgment. *See Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir.1994).

actions that may have violated Salzer's leasehold rights do not give rise to a claim based on 11 U.S.C. § 362(h).

As discussed above, the trustee had a right to possess the personal property located in the leasehold premises. Therefore, regardless of any leasehold interest in leased premises, Salzer had no right to possession of those items. The trustee, having the right to possess the personal property, clearly had the right to order Stinson to deny Salzer access to it. If Stinson did so by denying Salzer access to the leased premises, he may arguably have violated the new oral lease, but he did not violate the automatic stay.

Stinson's actions regarding the leased premises or the personal property in question did not violate the automatic stay. Therefore, the bankruptcy court properly granted summary judgment in Stinson's favor on Salzer's claims under 11 U.S.C. § 362(h), and the district court's order affirming that decision was proper. For the foregoing reasons, the decision of the district court is affirmed.