**In re Jesus M. VASQUEZ, Jr., Debtor.**

**Bankruptcy No. 96 B 28470.**

United States Bankruptcy Court,
N.D. Illinois, Eastern Division.

Feb. 12, 1997.

Edwin L. Feld, Norman P. Schroeder, Feld & Korrub, Chicago, IL, for Debtor.

Richard Jaffe, Chicago, IL, for Mount Sinai Hospital Medical Center.

Eugene Crane, Trustee, Dannen, Crane, Heyman & Simon, Chicago, IL.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Jesus M. Vasquez, Jr. (the "Debtor") to avoid a wage deduction lien on exempt funds and the response filed in opposition thereto by Mount Sinai Hospital Medical Center ("Mount Sinai"). For the reasons set forth herein, the Court hereby grants the Debtor's motion pursuant to 11 U.S.C. § 522(c) and (f)(1)(A), but without prejudice to any adversary proceeding which may be brought by Mount Sinai alleging that its claim against the Debtor may be non-dischargeable under 11 U.S.C. § 523(a)(17).

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

### II. FACTS AND BACKGROUND

On June 27, 1996, Mount Sinai filed a complaint in the Circuit Court of Cook County, Illinois against the Debtor. A default judgment was entered in favor of Mount Sinai and against the Debtor in the sum of $5,336.09 on August 14, 1996. Thereafter, on August 22, 1996, Mount Sinai filed a wage deduction in the Circuit Court directed at Edsal Manufacturing, the Debtor's employer. Allegedly, Edsal Manufacturing is holding the sum of $235.79 deducted from the Debtor's paycheck pursuant to the wage deduction proceeding begun in the state court. The Debtor filed a Chapter 7 petition on October 24, 1996 before any turnover order was entered by that court. The Debtor has claimed the withheld sum exempt and moved to avoid the judgment lien under § 522(f)(1)(A). Mount Sinai objected thereto, claiming part of its judgment, namely the costs assessed against the Debtor, is nondischargeable under § 523(a)(17).

### III. DISCUSSION

#### A. 11 U.S.C. § 522(f)(1)(A)

■· The Debtor seeks to avoid Mount Sinai's lien on the funds held by Edsal Manufacturing. Section 522(f)(1)(A) of the Bankruptcy Code allows for the avoidance of a judicial lien and provides in part:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien. . . .

11 U.S.C. § 522(f)(1)(A). Thus, this section permits a debtor to avoid a lien if four requirements are met: (1) the lien that the debtor seeks to avoid is a judicial lien; (2) the debtor claims an exemption in the property to which the debtor is entitled under § 522(b); (3) the creditor's lien impairs the debtor's exemption; and (4) the debtor has an interest in the property. See Johnson v. Ford Motor Credit Co. (In re Johnson), 53 B.R. 919, 922 (Bankr.N.D.Ill.1985).

■ First, it is undisputed that Mount Sinai has a judicial lien as defined by 11 U.S.C. § 101(36). Section 101(36) provides that "'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A garnishment lien is a "judicial lien." *In re Weatherspoon*, 101 B.R. 533, 535–36 (Bankr.N.D.Ill.1989); *Johnson*, 53 B.R. at 922.

■ Second, the Debtor has claimed the funds held by Edsal Manufacturing exempt. Upon the filing of a bankruptcy petition for relief, an estate is created. 11 U.S.C. §§ 301 and 541. The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also In re Kazi*, 985 F.2d 318, 320 (7th Cir.1993). Once the property becomes part of the bankruptcy estate, the debtor is allowed to claim as exempt certain property interests. *See* 11 U.S.C. § 522(1); Fed..R.Bankr.P. 4003(a). Clearly, the funds held by Edsal Manufacturing constitute property of the estate. A debtor can claim garnished wages as exempt property under § 522(f)(1). *Johnson*, 53 B.R. at 923.

■ Third, the lien must impair the Debtor's exemption. The Court will assume that Mount Sinai's lien impairs the exemption because Mount Sinai has not asserted that the Debtor already has claimed the full exemption amount in other property.

■ Fourth, the Debtor must have an interest in the property. Until the Court enters a wage deduction order, the Debtor maintains an interest in those wages. *See Johnson*, 53 B.R. at 924. There is no indication that Mount Sinai obtained a pre-petition wage deduction order. Moreover, Mount Sinai's claim for costs assessed against the Debtor in the state court judgment did not give it a specific in rem claim to the subject withheld wages, nor did it obtain a pre-petition judgment or order for turnover from the state court, thereby divesting the Debtor of any rights to the moneys by keeping same out of the bankruptcy estate. Accordingly, the Court finds that the Debtor has an interest in the funds. In sum, the Debtor has met the requisite requirements under § 522(f)(1)(A).

## B. *11 U.S.C. § 522(l)*

■ After a debtor claims property exempt, any party in interest may object to the claimed exemption. 11 U.S.C. § 522(l); Fed. R.Bankr.P. 4003(b); *In re Salzer*, 52 F.3d 708, 711 (7th Cir.1995), *cert. denied*, — U.S. ——, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996); *Kazi*, 985 F.2d at 320. Section 522(l) provides that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). Bankruptcy Rule 4003 affords the trustee and creditors thirty days after the conclusion of the meeting of creditors to object. The United States Supreme Court has stated that § 522(l) and Bankruptcy Rule 4003(b) bar contesting the validity of an exemption after the 30–day period for objecting has expired where no extension has been granted, even though a valid objection could have been made if the party acted promptly. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642–44, 112 S.Ct. 1644, 1647–48, 118 L.Ed.2d 280 (1992); *see also Kazi*, 985 F.2d at 320; *Salzer*, 52 F.3d at 711. The Court finds that Mount Sinai did not timely object to the Debtor's claimed exemption in the funds. Thus, under the Code, Rules, and the *Taylor* case, Mount Sinai cannot now object to the Debtor's claim of exemption.

## C. *11 U.S.C. § 522(c)*

Section 522(c) specifically enumerates certain ·non-dischargeable debts for which exempt property is liable. Section 522(c)(1) provides:

(c) Unless the case is dismissed, *property exempted under this section is not liable during* or after *the case for any debt of the debtor that arose*, or that is determined under section 502 of this title as if such debt had arisen, *before the commencement of the case, except—*

(1) *a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title.*

11 U.S.C. § 522(c)(1) (emphasis supplied). Section 522(c)(1) references § 523(a)(1) and

(a)(5), but makes no mention of § 523(a)(17). Section 523(a)(17) provides in relevant part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(17) for a fee imposed by a court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing....

11 U.S.C. § 523(a)(17). This is the Court's initial foray into this recently added exception to § 523(a). It was added by the Prison Litigation Reform Act of 1995, Pub.L. 101–140 (May 3, 1996), and there appears to be no reported decisions construing or applying this section.

■ If a statute is plain and unambiguous on its face, "judicial inquiry is complete." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (citations omitted); *In re Sinclair*, 870 F.2d 1340, 1341 (7th Cir.1989) (collecting cases). A court construing a statute should first look to the language of the statute. If the language is clear and unambiguous, the Court should look no further. *In re Barker*, 768 F.2d 191, 194–95 (7th Cir.1985). Because § 522(c) does not make reference to § 523(a)(17) or carve out an exception therefor, the Debtor's motion to avoid trumps Mount Sinai's objection at this time, but without prejudice to the ultimate dischargeability of its claim.

■ In addition, Mount Sinai's argument that § 523(a)(17) is analogous to § 523(a)(1) and (a)(5) lacks merit. Congress has determined that a debtor's exempt property rights under § 522(f), as a part of his fresh start, are superior to the limitation created on that fresh start when it made certain court fees non-dischargeable under § 523(a)(17). *Cf. In re Evaul*, 152 B.R. 31, 32 (Bankr.W.D.N.Y. 1993) (judicial lien secured a non-dischargeable student loan debt). The cases cited by Mount Sinai, *United States v. Bradburn*, 75 B.R. 108 (S.D.Ind.1987), *In re Driscoll*, 57 B.R. 322 (Bankr.W.D.Wis.1986), and *In re Edwards*, 50 B.R. 933 (Bankr.S.D.N.Y.1985) are inapposite and not controlling because they were decided prior to the adoption of § 523(a)(17) and the amendments made to § 522(c).

■ If Mount Sinai is alleging that the debt owed it by the Debtor is non-dischargeable under § 523(a)(17), it must file an adversary proceeding. *See* Fed.R.Bankr.P. 7001(6). No time bar under § 523(c) or Fed. R. Bankr.P. 4007(c) will preclude the filing of an adversary proceeding at this point in time. Consequently, the Court hereby grants the Debtor's motion and avoids the judicial lien on the Debtor's exempt funds. The motion is granted without prejudice to any adversary proceeding brought by Mount Sinai alleging that its claim against the Debtor may be non-dischargeable pursuant to § 523(a)(17).

## IV. CONCLUSION

For the foregoing reasons, the Court hereby grants the Debtor's motion to avoid the lien under § 522(c) and (f)(1)(A).

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

## ORDER

For the reasons set forth in a Memorandum Opinion dated the 12th day of February 1997, the Court hereby grants the Debtor's motion to avoid a wage deduction lien on exempt funds pursuant to 11 U.S.C. § 522(c) and (f)(1)(A), but without prejudice to any adversary proceeding which may be brought by Mount Sinai Hospital Medical Center alleging that its claim against the Debtor may be non-dischargeable under 11 U.S.C. § 523(a)(17).