In re Muhammad M. MUKHI, Debtor.

Bankruptcy No. 99 B 21623.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

April 5, 2000.

Phillip D. Levey, Chicago, IL, for Movant or Plaintiff.

Zafar Sheikh, Pro Se.

Alex D. Moglia, Chapter 7 Trustee.

## MEMORANDUM OPINION

JACK B. SCHMETTERER,
Bankruptcy Judge.

This proceeding relates to the bankruptcy case originally filed by Muhammad Mukhi ("Debtor") under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 et seq. on July 12, 1999. Debtor through his counsel has moved to avoid a judgment lien that was imposed pre-bankruptcy against his home following a state court judgment in favor of Zafar Sheikh ("Sheikh"), a judgment that was recorded in the county where the home lies. Debtor argues that any lien on his home at 5728 North Fairfield in Chicago, Illinois, is avoidable under § 522(f)(1)(A) of the Code as a judicial lien which impairs the Debtor's claimed exemption in homestead property owned by him with his non-debtor spouse as tenants by the entirety under Illinois law. This exemption was claimed under 735 ILCS 5/12–901 and 735 ILCS 5/12–112. Debtor also argues that Sheikh's objection to the claimed exemp-

tion was untimely, and therefore the exemption is not contestable.

Mr. Sheikh, pro se, has filed a "Motion to Dismiss" Debtor's Motion to avoid lien, and Sheikh's filing will be treated as an objection to the lien avoidance motion.

Sheikh asserts several arguments in opposition to Debtor's motion:

(1) That Debtor has far more equity in his home than the $7,500 homestead exemption allowed under Illinois law;

(2) That collateral estoppel prevents Debtor from disputing the fact that he agreed to pay Sheikh;

(3) That Debtor committed fraud and made false representations in court and in agreements out of which the debt owed to Sheikh arose;

(4) That the Debtor created a security interest by an agreement made with Sheikh;

(5) That the Debtor and Sheikh had a fiduciary relationship; and finally

(6) That Debtor's bankruptcy petition stated that he was single.

Some of those points are also made by him in his Adversary Complaint to bar dischargeability of debt and revoke Debtor's discharge, so we may revisit some or all of those points in that case.

However, for reasons described below, because Illinois law provides exemption of property owned in tenancy by the entirety and there was no timely objection to Debtor's claimed exemptions, Sheikh's judgment lien on Debtor's residence may be avoided under 11 U.S.C. § 522(f)(1)(A). This opinion will stand as Findings of Fact and Conclusions of Law on which that ruling is based.

### BACKGROUND OF UNDISPUTED FACTS

The dispositive facts are found in undenied pleadings and the case docket. Prior to Debtor's filing of his Chapter 7 petition, he had been involved in a dispute with Sheikh regarding a store that Debtor had leased from him. Debtor defaulted on the rent payments and Sheikh filed suit in the Circuit Court of Cook County, where a judgment in favor of Sheikh was entered in the case *Sheikh v. Mukhi*, No. 97 M1–733510. Sheikh recorded the judgment and thereby obtained a judicial lien against Debtor's interest in his home, the real estate located at 5728 North Fairfield, Chicago, Illinois. Sheikh recorded that judgment with the Cook County Recorder of Deeds on February 11, 1999. Debtor then held record title to the residence with his wife as tenants by the entirety, having obtained such title in May of 1996.

Debtor filed his Chapter 7 petition on July 12, 1999. On his bankruptcy schedules, he claimed the house as exempt to the extent of $51,926.00 of his interest in tenancy by the entirety under 735 ILCS 5/12–112, and also for his $7,500.00 homestead exemption interest under 735 ILCS 5/12–901, all pursuant to 11 U.S.C. § 522 and the foregoing state statutes. The creditors' meeting was held under 11 U.S.C. § 341 on August 16, 1999. Sheikh was served notice of Debtor's bankruptcy case and of the meeting of creditors, which included notice of the deadline for objecting to exemptions. Since that time, neither Sheikh nor any other party in interest has objected to Debtor's claims of exemption, and as discussed below the deadline for objecting has expired.

Factual statements in the following discussion will stand as further Findings of Fact.

### JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K).

### DISCUSSION

█ Debtor seeks to avoid the judgment lien on his real property pursuant to 11

U.S.C. § 522(f)(1)(A) and 735 ILCS 5/12–112 and 735 ILCS 5/12–901. Liens on exempt property may be avoided under 11 U.S.C. § 522(f)(1)(A) which provides that a debtor may avoid the fixing of a judicial lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1)(A). *See also In re Vasquez,* 205 B.R. 136, 137 (Bankr.N.D.Ill.1997). There are four requirements to avoid a judicial lien:

(1) The lien the debtor seeks to avoid is a judicial lien;

(2) The debtor claims an exemption in the property to which the debtor is entitled under § 522(b);

(3) The creditor's lien impairs the debtor's exemption; and

(4) The debtor has an interest in the property.

*In re Andres,* 212 B.R. 306, 308 (Bankr. N.D.Ill.1997) *See also In re Youngblood,* 212 B.R. 593, 595 (Bankr.N.D.Ill.1997).

### *A Judicial Lien Arises Against Entireties Property*

■ Zafar Sheikh obtained a judicial lien on Debtor's property. A judicial lien is one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A lien filed and recorded with respect to property held in tenancy by the entirety by a debtor and his non-debtor spouse fits this definition. *See In re Allard,* 196 B.R. 402, 407 (Bankr.N.D.Ill. 1996), *aff'd sub nom. Great Southern Co. v. Allard,* 202 B.R. 938 (N.D.Ill.1996). *But see In re Chinosorn,* 243 B.R. 688, 693–96 (Bankr.N.D.Ill.2000) (showing that Illinois law is unclear on the issue of whether a recorded judgment against a single tenant gives rise to a lien on property held by two people as tenants by the entirety).

According to Bankruptcy Judge Wedoff, in *Chinosorn,* although the question is debatable, the recording of a judgment against only one tenant holding property as tenants by the entirety may not impose a lien on the property because, like the homestead exemption which provides that homestead property is exempt from judgment, property held in tenancy by the entirety cannot be sold to satisfy a judgment against only one of the spouses. *Chinosorn,* 243 B.R. at 694–95. Illinois law provides with respect to homestead property that judgment liens never come into existence against the homestead interest. *Id.* at 694. However, as Judge Wedoff acknowledged, the homestead cases may not be applicable to the issue of a judgment lien on entireties property because a judgment against one tenant holding property as tenants by the entirety may give rise to a lien against that individual tenant's contingent future interests in the property. *Id.* at 695. Thus, at a minimum, under that theory Sheikh obtained a lien against Debtor's contingent future interests in his residence. Additionally, while Illinois law has established that judgment liens never come into existence with respect to homestead property, there is no similar statutory provision for property held in tenancy by the entirety.

Bankruptcy Judge Squires concluded in a similar factual situation that a judicial lien arises against entireties property, a conclusion necessary to his holding that the lien at issue was subject to avoidance under § 522(f)(1)(A). *Allard,* 196 B.R. at 407–10. The reasoning in *Allard* is persuasive, and therefore Sheikh obtained a lien to cover Debtor's interest in his residence even though he owns it with his wife as tenants by the entirety.

### *Entireties Property is Exempt*

■ Under 11 U.S.C. § 522(b), a debtor is allowed to exempt certain property from property of the bankruptcy estate. The Bankruptcy Code provides that a debtor may use the federal exemptions listed in 11 U.S.C. § 522(d), or the applicable state exemptions, unless state law provides otherwise. In Illinois, debtors are required to use the state authorized exemptions. *See* 735 ILCS 5/12–1201; *In re Garcia,* 149 B.R. 530, 533 (Bankr.N.D.Ill.1993), *aff'd,*

155 B.R. 173 (N.D.Ill.1993). Thus, debtors here may only exempt property under Illinois law or under federal law other than 11 U.S.C. § 522(d). 735 ILCS 5/12–1201.

A possible exemption for property held in tenancy by the entirety in Illinois is referenced in the Bankruptcy Code, which provides that a debtor may exempt from property of the estate:

> ... any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or a joint tenant, to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law. 11 U.S.C. § 522(b)(2)(B).

Thus, the issue is whether an interest in property held in tenancy by the entirety is exempt from process under applicable Illinois law. *See In re Allard,* 196 B.R. at 408.

Bankruptcy Judge Wedoff recently discussed Illinois tenancy by the entirety law and its long history, both in Illinois and most American jurisdictions. *See In re Chinosorn,* 243 B.R. 688, at 691–92 (Bankr. N.D.Ill.2000).

Tenancy by the entirety was historically the only manner in which spouses could own real property at common law. The concept of tenancy by the entirety was based on a theory that a married couple was one person, and the husband was that person. While such property was deemed owned by the married couple, it was in our early history subject to control only of the husband, his power limited only by the fact that he could not unilaterally alienate the wife's survivorship interest. Only creditors with claims against both husband and wife were able to enforce their claims by forcing a sale of the property, unless the husband alone obtained credit based on his rights in the property which his creditors could attach if he defaulted. In the middle 1800s, Illinois, along with nearly all American jurisdictions, enacted a married women's property act, which allowed wives to own property separately from their husbands. In Illinois, tenancy by the entirety was then abolished. However, in 1990, the Illinois legislature restored tenancy by the entirety. *Id.*

Illinois law today still allows creation of tenancy by the entirety. 765 ILCS 1005/1c. When a husband and wife take title to property as tenants by the entirety, they "both and each take the whole estate ... the entirety." *Lang v. Commissioner of Internal Revenue,* 289 U.S. 109, 111, 53 S.Ct. 534, 77 L.Ed. 1066 (1933); *see also Lilly v. Smith,* 96 F.2d 341, 343 (7th Cir. 1938). When one tenant dies, the "survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from the participation of the other." *Lang,* 289 U.S. at 111, 53 S.Ct. 534. The Illinois statute further provides:

> Any real property, or any beneficial interest in a land trust, held in tenancy by the entirety *shall not be liable to be sold upon judgment* entered on or after October 1, 1990 against only one of the tenants, except if the property was transferred into tenancy by the entirety with the sole intent to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they became due. However, any income from such property shall be subject to garnishment as provided in Part 7 of this Article XII, whether judgment has been entered against one or both of the tenants. 735 ILCS 5/12–112. (Emphasis supplied.) [1]

---

1. A recent opinion of the Illinois Supreme Court reasoned that this provision does not protect a property owner who, after a lawsuit was filed against him, transferred his interest in his residence from himself to himself and his wife as tenants by the entirety, with the sole intent to defraud creditors. *Premier Property Management, Inc. v. Chavez,* 191 Ill.2d 101, —— N.E.2d —— (2000). There are no allegations here that Debtor transferred the property into tenancy by the entirety to defraud creditors, and he took title to the property with his wife as tenants by the entirety in May of 1996, almost three years prior to the instant judgment being entered against him.

A panel of the Seventh Circuit Court of Appeals has addressed the Indiana tenancy by entirety statute. That panel held that a debtor's interest in entirety property enters the bankruptcy estate under 11 U.S.C. § 541, *In re Paeplow,* 972 F.2d 730, 737 (7th Cir.1992), but such property will pass out of the estate if subject to an exemption properly claimed by the debtor. *Id.* (citation omitted). *See also In re Hunter,* 970 F.2d 299 (7th Cir.1992). While the Illinois statute is similar, it has yet reached that level on appeal.

Bankruptcy Judge Squires' opinion held that the language "shall not be liable to be sold upon judgment" is equivalent to property being at least partially "exempt from process" as provided in 11 U.S.C. § 522(b)(2)(B), *In re Allard,* 196 B.R. at 410. While that decision is not binding, the analysis there is persuasive. It reasoned under Illinois law that because the debtor's property could not be sold upon the lienholder's judgment, the property is exempt from the forced sale process that could be brought about by the lienholder or any other judgment creditor of that debtor. Precedent was found to support that reasoning because under Illinois law, "where the right of sale cannot be asserted, the existence of the lien must be denied." *Allard,* 196 B.R. at 410, (citing *Rochford v. Laser,* 91 Ill.App.3d 769, 774, 46 Ill.Dec. 943, 948, 414 N.E.2d 1096, 1101 (1st Dist.1980); *Lehman v. Cottrell,* 298 Ill.App. 434, 441, 19 N.E.2d 111 (2d Dist. 1939)).

■ The Illinois statutory provisions regarding tenancy by the entirety are not found in the Illinois Code of Civil Procedure's exemption sections, but that does not mean there is no exemption for property held in tenancy by the entirety. As Judge Squires explained in *Allard,* "Courts need not require an entireties statute to be found in a designated exemptions section of state law or explicitly use the word 'exempt' in its text as a litmus test before the functional effect of the statute's language is applied or implemented." *Allard,* 196 B.R. at 410 (citation omitted). It is more important to "fairly apply the practical function of the relevant statute ... than us[e] some bright line test hinging upon the statute's use or non-use of the words 'exempt' or 'exemption' to determine whether or not a state exemption exists for purposes of § 522(b)(2)(B) in a bankruptcy case." *Id.*

Thus, the language of the Illinois statute providing that property held in tenancy by the entirety "shall not be liable to be sold upon judgment" must mean that such property is exempt from being used to satisfy the debt of only one of the tenants. Accordingly, it follows under Illinois law that there is an exemption for property held in tenancy by the entirety even when here the debt at issue is a debt of only one tenant. Additionally, unlike the Illinois homestead exemption statute, the tenancy by the entirety statute has no monetary limit. *Allard,* 196 B.R. at 409. *See also* 735 ILCS 5/12–112.

Consequently, when any debtor timely asserts as exempt his entire equity in entirety property, that claim should prevail.

### *Debtor Claimed the Exemption*

■ It is clear here that Debtor claimed his residence as exempt on his Bankruptcy Petition in Schedule C. He claimed $7,500 exempt as his homestead pursuant to 735 ILCS 5/12–901, but also claimed $51,926 exempt as property held in tenancy by the entirety pursuant to 735 ILCS 5/12–112, also citing *Allard,* 196 B.R. 402 in that Schedule.

After a debtor claims property as exempt, the trustee or any creditor may file objections to the claimed exemptions within 30 days after the meeting of creditors held under 11 U.S.C. § 341. Fed. R. Bankr.P. 4003(b). Pursuant to 11 U.S.C. § 522(*l*), if no party in interest objects within that period to a claimed exemption, such property becomes incontestably exempt. No objections to exemption claims were filed here by Sheikh or anyone else.

The Supreme Court has held that, even when a debtor has no colorable basis for claiming an exemption, once the 30–day period has expired the property is exempt, *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44, 112 S.Ct. 1644, 1648–49, 118 L.Ed.2d 280 (1992), and the Seventh Circuit Court of Appeals has more recently followed that rule. *In re Salzer*, 52 F.3d 708 (7th Cir.1995), *cert. denied*, 516 U.S. 1177, 116 S.Ct. 1273 (failure to object within the 30 days provided by Rule 4003(b) waives the right to object); *In re Kazi*, 985 F.2d 318, 320 (7th Cir.1993). Sheikh protests that the Debtor admitted in his Schedules that he wasn't even married when he filed in bankruptcy (though Debtor has claimed that to be a typographical error). Without deciding whether that is a valid objection to the claimed exemption of the entireties property, the issue presented is whether any objection comes too late to be considered. The conclusion must be that Debtor may avoid the lien on his residence regardless of whether he was actually entitled to the exemption under Illinois law when there was no timely objection to the claimed exemption of the residence. No determination can be made questioning whether Debtor is lawfully entitled to the exemption under 11 U.S.C. § 522(b) because under 11 U.S.C. § 522(*l*) no timely objection was made.

In this District, Bankruptcy Judge Wedoff and District Judge Gettleman have held in separate recent cases that allowing a debtor to avoid a lien on property deemed exempt only because the time limit for objecting had expired under 11 U.S.C. § 522(*l*) would ignore the requirement of 11 U.S.C. § 522(f) that the debtor must legally be entitled to the exemption under 11 U.S.C. § 522(b). Both judges reasoned that the lien avoidance provision of § 522(f) applies only when the debtor would lawfully have been entitled to the exemption under state law and 11 U.S.C. § 522(b) regardless whether timely objection is filed. *In re Chinosorn*, 243 B.R. 688, 698–99 (Bankr.N.D.Ill.2000); *In re Felber*, 1999 WL 350832, *4 (N.D.Ill.1999). The undersigned Judge has previously

come to a contrary view in *In re Youngblood*, 212 B.R. 593, 597–98 (Bankr.N.D.Ill. 1997) and *In re Andres*, 212 B.R. 306, 309–10 (Bankr.N.D.Ill.1997), as has Bankruptcy Judge Squires, in *In re Vasquez*, 205 B.R. 136, 138 (Bankr.N.D.Ill.1997). It was held in those decision under § 522(1) that once the objection deadline has past, the claimed exemption is incontestable on any grounds.

Opinions holding that a debtor must be lawfully entitled to an exemption under 11 U.S.C. § 522(b) even in cases where no timely objections to exemptions were filed fly in the face of Supreme Court and Seventh Circuit rulings in *Taylor*, *Salzer* and *Kazi*. In the Supreme Court opinion, the debtor did not have a statutory right to exempt more than a small portion of the proceeds from a lawsuit, yet he claimed the full amount as exempt. 503 U.S. at 642, 112 S.Ct. at 1647. The trustee had opportunity to object to the claimed exemption but failed to do so. *Id.* at 642, 112 S.Ct. at 1647–48. The opinion held that the trustee's failure to object forever barred him from doing so.

The Seventh Circuit opinion ruled similarly in *Salzer*, and noted that failure to object within the 30 days provided by Rule 4003(b) waives the right to object. *Salzer*, 52 F.3d at 711. In *Kazi*, it was expressly noted that the 30–day time limit must be interpreted literally. *Kazi*, 985 F.2d at 322. That opinion stated, "It would be inconsistent with *Taylor's* emphasis on finality to allow objecting parties to raise the issue of the debtor's actual notice of opposition to claimed exemption after the 30–day period has run." *Id.*

As stated, 11 U.S.C. § 522(*l*) provides that the debtor "shall file a list of property that the debtor claims as exempt under subsection (B) of this section," and if there are no timely objections, the property is exempt. To hold that this incontestably exempt property remains subject to a lien which impairs the exemption and gobbles up the property would contradict what the

Seventh Circuit and the Supreme Court have clearly mandated.

Thus, the second prong of 11 U.S.C. § 522(f)(1), that the debtor claim an exemption to which he is entitled under § 522(b), has been met.

### The Lien here Entirely Impairs the Claimed Exemption

 With respect to the third and fourth requirements of 11 U.S.C. § 522(f)(1), this Court must determine whether and to what extent the judicial lien on Debtor's residence impairs his claimed exemption. Exempt property is impaired when the sum of the lien, all other liens on the property and the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. § 522(f)(2)(A). According to Debtor's schedules, Sheikh's lien is conceded to be $22,000.00. Debtor also has a mortgage lien on the home in the amount of $130,574.00. Thus, there are liens on Debtor's residence totaling $152,574.00 plus interest thereon to date. Debtor claimed exemptions in the subject real estate of $7,500.00 and $51,926.00, for a total of $59,426. The sum of the liens on the property and the exemptions Debtor has claimed is therefore $212,000.00 plus interest on the liens. Thus, "to the extent" [11 U.S.C. § 522(f)(1)(A)] that this total exceeds the value that Debtor's interest in the property would have in the absence of any liens, Debtor's exemption is impaired. Because each owner holding property in tenancy by the entirety in Illinois owns the whole real estate interest in the absence of any liens, the value of this Debtor's interest in the property must for purposes of computation here (and not to fix respective interest of the two owners) be the entire value of the property.

According to Debtor's schedules, the current market value of the property when the bankruptcy petition was filed was $190,000.00. If the value thus assert- ed by Debtor was accurate, the sum of the judgment lien, the only other lien on the property and the amounts of exemptions claimed by Debtor, a total of $212,000.00, would exceed the value that Debtor's interest in the property would have in the absence of any liens, which claims to be $190,000.00. Thus, if Debtor's value is correct, the judgment lien would entirely impair Debtor's exemption. However, while Debtor listed the value of his home as $190,000.00, Sheikh alleges that as of the date of Debtor's bankruptcy filing, the home value was $220,000.00. In support of this assertion, he provided a purported appraisal. Assuming a 5% broker's commission on the sale, the net sale proceeds would still be less than the $212,000.00 total computed above. Therefore, there is no need for a hearing, for even if Sheikh's valuation is correct, his lien on the property is fully avoided.

Finally, under § 522(b)(2)(B), Debtor must have "an interest" in the property. Under either property value asserted by the parties, the Debtor holds equity over the mortgage balance due, and he thereby clearly has "an interest" in the property.

### CONCLUSION

For reasons stated, and pursuant to separate order, Debtor's motion to avoid lien will be granted under 11 U.S.C. § 522(f)(1)(A).