**In re Deanna Joan STARR, SSN 444–44–2817, Debtor.**

**Bankruptcy No. 88–00021.**

United States Bankruptcy Court, E.D. Oklahoma.

April 28, 1988.

William E. Rutledge, Tulsa, Okl., Trustee.

Robert Inglish, Okmulgee, Okl., for debtor.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On April 15, 1988, this Court heard the Motion for Order Denying Debtor's Claim of Exemption as filed by William E. Rutledge, the duly appointed Chapter 7 Trustee. The Debtor had timely filed a Response to the Trustee's Motion. The Court entered a Minute extending the time to April 22, 1988 for the parties to file Stipulations and Briefs. This Court is in receipt of such Stipulations and Briefs, and accordingly enters the following.

### FINDINGS OF FACT

1. This matter is a "core" proceeding. 28 U.S.C. § 157(b). This Order is given in compliance with B.R. 9021.

2. The Debtor was formerly married to Charles Edward McGee. On March 27, 1986, a Decree of Divorce was entered in the District Court of Garfield County, State of Oklahoma. In the Petition filed relating to the divorce, the Plaintiff (Deanna McGee) alleged that Charles McGee, the Defendant, had been guilty of adultery and extreme mental cruelty, and that a state of complete and irreconcilable incompatibility had arisen between the parties. However, the Court in its Decree of Divorce did not make any findings concerning these allegations and the divorce was granted upon a showing of a state of complete and irreconcilable incompatibility only.

3. Prior to the filing of the Divorce Petition, a cause of action had been commenced in the District Court in and for Tulsa County, State of Oklahoma, by

Charles Edward McGee and Deanna Joan McGee, husband and wife, Plaintiffs, versus N.V.T. Management, Inc., d/b/a Tulsa Excelsior Hotel. An Amended Petition was filed in the cause of action on January 16, 1986. The Plaintiffs were suing to recover for injuries caused to Mr. McGee resulting from his slipping and falling while taking a shower in a combination shower/tub. The parties requested the following damages for Mr. McGee:

"(a) The loss of earnings in the past and which Plaintiff will continue to suffer in the future in the proximate amount of $250,000.00.

(b) Pain and suffering which Plaintiff has suffered in the past and will continue to suffer in the future for the duration of his life which amount will be approximately $650,-000.00.

(c) Medical expenses and expenses for relief of pain and suffering and for relief of psychological and physical trauma incurred by Plaintiff and which Plaintiff will incur in the future in the amount of $100,000.00."

Additionally, the parties incorporated a cause of action for the benefit of Mrs. McGee claiming a loss of consortium with her husband in the amount of $50,000.00. In return for a $20,000.00 settlement, Mrs. McGee's cause of action was dismissed without prejudice. The money was deposited in the lawyer's Trust Account. The account was garnished by a joint creditor of Charles and Deanna McGee. The portion of the funds beyond the garnished amount paid over to Mrs. Starr and which is currently in dispute totals $16,776.33.

4. On January 13, 1988, the Debtor filed her voluntary Chapter 7 Bankruptcy Petition. Pursuant to filing, the Debtor claimed the following property as exempt:

"Personal injury settlement (consortium) held in lawyer trust account."

The Debtor stated the value of this exemption to be $20,000.00 and the Trustee timely made objection to the allowance of exemption.

## CONCLUSIONS OF LAW

A. The Debtor claims an exemption for the $20,000 settlement of her loss of consortium action. The claim is made pursuant to Okla.Stat. tit. 31, § 1(A)(21) (1978) as follows:

"Such person's interest in a claim for personal bodily injury, death, or workers' compensation claim, for a net amount not in excess of fifty thousand dollars ($50,-000.00), but not including any claim for exemplary or punitive damages."

B. The elements of the Debtor's consortium action were never proven because of the settlement by the parties. However, settlements are encouraged by Courts and are conclusive, similar to a final judgment, in the absence of fraud or mistake. *Corbett v. Combined Communications Corp. of Oklahoma, Inc.,* 654 P.2d 616 (Okla. 1982). A settlement will bar any additional recovery in relation to the compromised claim. *State ex rel. Derryberry v. Kerr-McGee Corp.,* 516 P.2d 813 (Okla.1973). The settlement of the loss of consortium action has the same effect as if the matter had been determined by an adjudication for exemption purposes.

C. A consortium loss typically includes a spouse's loss of services, society and companionship due to the injury of the other spouse. *Aderhold v. Stewart,* 172 Okl. 77, 46 P.2d 346 (1935). The Oklahoma Statutes were amended in 1973 to specifically permit a married woman the right to bring an action for loss of consortium. Okla.Stat. tit. 32, § 15 (1978). Debtor's consortium action, though derivative, is founded on "a personal bodily injury" action.

D. The Oklahoma Supreme Court recently addressed Okla.Stat. tit. 31, § 1(A)(21) (1978) in the case of *Peoples State Bank & Trust Company v. Ruth Dell Brooks,* 750 P.2d 479 (1988) wherein they found, while dealing with life insurance proceeds, that the Statute included actions brought by dependents.

E. A literal reading of Okla.Stat. tit. 31, § 1(A)(21) (1978) provides, and we conclude, that Debtor does possess an "interest in a claim for (the) personal bodily injury," of her ex-husband. This conclusion is in spite

of the consortium claim being a separate cause of action with different elements of proof required.

IT IS THEREFORE THE ORDER OF THIS COURT that Trustee's Motion for Order Denying Debtor's Claim of Exemption is denied, thus granting Debtor an exemption as to the remaining proceeds received from her claim of loss of consortium.