MAUREEN HOTH, f/k/a Maureen Prondzinski, Plaintiff-Appellant, v. WILLIAM J. STOGSDILL, JR., *et al.*, Defendants-Appellees.

Second District    Nos. 2—90—0014, 2—90—0498 cons.

Opinion filed February 15, 1991.—Rehearing denied June 4, 1991.

Hedberg, Tobin, Flaherty & Whalen, of Chicago (Edward J. Whalen, of counsel), for appellant.

William F. Martin, of Ruff, Weidenaar & Reidy, Ltd., of Chicago (James R. Quinn, of counsel), for appellees William J. Stogsdill, Jr., Kowalczyk & Stogsdill, Ltd., and Andrew Carter.

Patrick K. Bond, of Schirott & Associates, P.C., of Itasca, for appellee Mark Kowalczyk.

JUSTICE UNVERZAGT delivered the opinion of the court:

In this consolidated appeal, plaintiff, Maureen Hoth, formerly known as Maureen Prondzinski, appeals from the orders of the circuit court of Du Page County dismissing her complaint for legal malpractice against defendants, William J. Stogsdill, Jr.; William J. Stogsdill, Jr., P.C., a professional corporation; Kowalczyk and Stogsdill, Ltd., a professional corporation; Andrew Carter and Mark Kowalczyk.

On or about March 28, 1984, plaintiff engaged defendants to represent her in an action filed by Du Page National Bank (the bank) in the circuit court of Du Page County. The action arose out of a loan made by the bank in May 1978 to plaintiff's former husband and his business partner. The two men used the proceeds of the loan to purchase a parcel of real estate in West Chicago. The loan was secured by a mortgage on the property. At the time of the closing on the loan, plaintiff executed and delivered her personal guarantee of the loan.

Some time in 1981, the two men defaulted on the repayment of the loan. In December 1983 the bank filed a two-count complaint seeking, in count I, foreclosure against the real estate and, in count II, a judgment against the plaintiff on her guarantee of the loan. On May 15, 1984, the court entered a judgment in favor of the bank and against plaintiff in the amount of $79,042.84.

When the bank commenced supplementary proceedings against plaintiff to enforce the judgment, plaintiff retained new attorneys. Pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401), counsel for plaintiff filed a motion to vacate the May 15, 1984, judgment. On January 14, 1986, the trial

court entered an order vacating the judgment. On July 28, 1987, this court in *Du Page National Bank v. Jackson* (1987), 156 Ill. App. 3d 1171 (unpublished order under Supreme Court Rule 23), reversed the trial court's decision and remanded the case for reinstatement of the judgment. On December 28, 1987, plaintiff filed a voluntary petition in bankruptcy.

On May 11, 1989, plaintiff filed a complaint against defendants alleging that defendants were negligent in their representation of her and that their negligence caused the judgment to be entered against her and in favor of the bank. Plaintiff had not listed this cause of action in the schedule listing all property of the plaintiff on her petition in bankruptcy.

Defendants moved to dismiss plaintiff's complaint on the ground that she lacked standing to bring the action because of her pending bankruptcy. Plaintiff filed a response to defendants' motion which included an affidavit from the bankruptcy trustee, stating that he consented to plaintiff's filing of the action while awaiting a determination by the bankruptcy court regarding whether the cause of action was property of the bankrupt's estate. Plaintiff's response also included an amendment to her petition in bankruptcy, listing her cause of action against defendants as personal property. Plaintiff also submitted an October 10, 1989, letter from the trustee establishing the trustee's intention to abandon the claim. On October 11, 1989, the trial court denied defendants' motion to dismiss the complaint.

On November 9, 1989, defendants filed a motion to reconsider the court's October 11, 1989, order denying their motion to dismiss. To their motion to reconsider, defendants attached the amendment to plaintiff's bankruptcy petition which listed plaintiff's cause of action as personal property and which had been previously submitted to the court by plaintiff prior to the trial court's October 11, 1989, order denying defendants' motion to dismiss. Defendants also submitted a copy of a notice from the bankruptcy court setting a hearing for November 17, 1989, on the trustee's application to settle and compromise the adversary proceeding brought by him against plaintiff. That settlement included the proposed transfer to plaintiff of the trustee's right, title, and interest in the instant cause of action. Based on the attachments to their motion to reconsider, defendants argued that plaintiff's cause of action was an asset in the bankruptcy matter and that until there was an abandonment of the cause of action by the trustee, plaintiff had no standing to bring the action.

At a November 16, 1989, hearing on defendants' motion to reconsider, the trial court granted defendants' motion and dismissed plaintiff's complaint with prejudice due to lack of standing.

Following the bankruptcy court's November 17 hearing on the trustee's application to settle and compromise, that court entered an order on November 22, 1989, authorizing, among other things, the trustee to transfer to plaintiff his interest in plaintiff's action against defendants. On November 30, 1989, plaintiff filed a motion to reconsider the trial court's November 16, 1989, order dismissing the complaint. To that motion plaintiff attached a copy of the bankruptcy court's November 22 order. Plaintiff maintained that, in dismissing plaintiff's complaint, the trial court unduly relied on the bankruptcy court's November 17 notice of hearing to rule that plaintiff's claim belonged to the bankruptcy estate. Additionally, plaintiff asserted that the November 17 notice pertained to matters other than the instant cause of action and that the bankruptcy court's November 22 order, while making no determination regarding whether plaintiff's legal malpractice claim against defendants was property of the bankruptcy estate, authorized the trustee to assign his interest, "if any," in the action to plaintiff.

Relying on the bankruptcy court's November 22 order, plaintiff argued that the claim was never a part of the bankruptcy estate but asserted that, even if it had belonged to the estate, plaintiff had the right to file her cause of action against defendants. It was plaintiff's position that, if she had not filed and preserved her cause of action while awaiting the trustee's decision whether to pursue or abandon the claim, the statute of limitations on bringing her action could have run and she would have lost her right to bring the action. On December 19, 1989, the trial court denied plaintiff's motion to reconsider. Plaintiff filed a timely notice of appeal.

Prior to the trial court's December 19 order, the trustee in a letter dated December 12, 1989, assigned his interest in the instant cause of action to plaintiff. The trustee's assignment included his rights under section 108 of the Bankruptcy Reform Act of 1978 (11 U.S.C. §108 (1978)) to commence a cause of action within two years from the commencement of the order for relief signified by plaintiff's filing of her bankruptcy petition on December 28, 1987.

On December 22, 1989, plaintiff filed another complaint which was, in large part, identical in content to the complaint dismissed on November 16, 1989. The latter complaint differed from the former complaint in that it asserted the assignment from the trustee to plaintiff of the trustee's interest in plaintiff's claim of legal malpractice

against defendants. Attached to the complaint was the trustee's December 12, 1989, letter, assigning his interest in the claim to plaintiff, as well as the bankruptcy court's November 22, 1989, order, authorizing the trustee to assign such interest. Plaintiff had not possessed this assignment at the time the earlier complaint was dismissed on November 17, 1989.

On February 22, 1990, defendants filed a motion to dismiss the latter complaint, stating that the allegations in the complaint were identical to those set forth in plaintiff's former complaint, that the dismissal of plaintiff's former complaint was on appeal, and that since another action was pending between the same parties for the same cause, plaintiff's latter complaint should be dismissed pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3)). On April 26, 1990, the trial court granted defendants' motion and dismissed the complaint with prejudice.

Plaintiff appeals from the trial court's April 26 order, contending that the trial court erred in dismissing the complaint because plaintiff's appeal of the dismissal of her former complaint, case No. 2—90—0014, does not constitute a prior action pending between the parties. Before addressing this issue, however, we first consider the issues raised in plaintiff's appeal of the dismissal of her former complaint.

In that appeal, plaintiff contends: (1) that she possessed standing to bring her cause of action for legal malpractice against defendants because the action was not property of the bankruptcy estate and (2) that the trial court abused its discretion in denying plaintiff's motion for reconsideration of its order dismissing plaintiff's complaint.

In her first contention plaintiff admits that, if a cause of action is property of the bankruptcy estate, the bankruptcy trustee is the proper party to bring the action but asserts that her cause of action for legal malpractice against defendants is not property of the estate because the action is personal to her and nonassignable. Therefore, plaintiff argues, only she possessed the standing to bring her claim against defendants.

Conversely, defendants contend that plaintiff's filing of her bankruptcy petition created a bankruptcy estate consisting of all her assets, including her cause of action against defendants, and that, once the bankruptcy estate was created, the bankruptcy trustee became the estate's sole representative empowered to pursue any legal action. Thus, defendants argue, the trustee, and not plaintiff, was the only one who had standing to bring the cause of action for legal malpractice against defendants.

In *Christison v. Jones* (1980), 83 Ill. App. 3d 334, plaintiff, trustee of a bankruptcy estate, sued defendant, an attorney, based upon his negligent representation of the bankrupt in litigation occurring prior to the bankruptcy. Plaintiff maintained that the cause of action for legal malpractice was an asset of the bankruptcy estate and that, as trustee, he was owner of the cause of action. Defendant filed a motion to dismiss the malpractice complaint, arguing that the malpractice claim was not assignable. The trial court granted the motion to dismiss, finding that the cause of action did not pass to the trustee.

On appeal, the court analyzed whether, under the Bankruptcy Act (the former Bankruptcy Act) (11 U.S.C. §110(a)(5) (1964)) and Illinois law, the right to file an action for legal malpractice was an asset of the bankrupt's estate which the trustee could pursue in court. Section 70(a) of the Bankruptcy Act, which the court determined was applicable to the case before it, provided:

> "(a) The [T]rustee of the estate of a bankrupt *** shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this [act] *** to all of the following kinds of property wherever located *** (5) *property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: Provided,* That rights of action ex delicto for libel, slander, injuries to the person or the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process." (Emphasis added.) 11 U.S.C. §110(a)(5) (1964).

Relying on the personal nature of the relationship between attorney and client and public policy considerations surrounding that relationship, the court determined that the decision to institute a malpractice action was one for only the client to make. Accordingly, the court concluded that under section 70(a) of the Bankruptcy Act (11 U.S.C. §110(a) (1964)), a cause of action for legal malpractice was not transferable and, therefore, not part of the estate of the bankrupt.

Under the holding in *Christison*, plaintiff here is correct in asserting that her cause of action for legal malpractice against defendants was personal and nonassignable and, therefore, not property of the bankruptcy estate. However, defendants point out, and correctly so, that the *Christison* decision was based on section 70(a) of the former

Bankruptcy Act. (11 U.S.C. §110(a) (1964).) Section 70(a) was the predecessor statute to section 541 of the Bankruptcy Reform Act of 1978 (the Reform Act) (11 U.S.C. §541 (Supp. II 1978)), the statutory section applicable to the instant case.

Whereas under section 70(a)(5) of the former bankruptcy statute the bankruptcy trustee only got title to property that, prior to the debtor's filing a bankruptcy petition, creditors could have reached by judicial process or the debtor could have transferred under State law (11 U.S.C. §110(a)(5) (1964)), under section 541(a)(1) of the Reform Act, all property of the debtor is included in the estate. Section 541(a)(1) defines property of the bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." (11 U.S.C. §541(a)(1) (Supp. II 1978).) The parties have not directed us to, nor have we discovered through our own research, any Illinois cases which, since the Reform Act eliminated the restrictive language of section 70(a)(5) of the former Act, have considered whether a bankruptcy trustee can take title to a debtor's cause of action for legal malpractice. However, the congressional reports on the Reform Act indicate that the scope of section 541(a)(1) is broad and includes causes of action. (See *United States v. Whiting Pools, Inc.* (1983), 462 U.S. 198, 205, 76 L. Ed. 2d 515, 522, 103 S. Ct. 2309, 2313-14; *Sierra Switchboard Co. v. Westinghouse Electric Corp.* (9th Cir. 1986), 789 F.2d 705, 707.) Furthermore, it is no longer relevant whether property is assignable under State law. (*Sierra*, 789 F.2d at 709.) All property, even property which would have formerly been considered exempt, becomes part of the bankruptcy estate under section 541. 11 U.S.C. §541(a)(1) (Supp. II 1978).

We question whether, in some circumstances, it would be undesirable, on public policy grounds, to transfer certain property interests to the bankruptcy trustee. A claim for legal malpractice would appear to be that type of interest. Congress, however, provided for public policy considerations when it included section 522 in the Reform Act. (11 U.S.C. §522 (Supp. II 1978).) Under section 522, a debtor is permitted to exempt certain property after it has been included in the bankruptcy estate. (11 U.S.C. §522 (Supp. II 1978).) Section 522(b) provides in relevant part:

> "Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate *** —
>      ***
>      *** any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that

is applicable on the date of the filing of the petition ***." 11 U.S.C. §522(b)(2)(A) (Supp. II 1978).

Illinois prohibits a debtor from using the Federal exemptions provided in section 522(b) of the Reform Act. (Ill. Rev. Stat. 1987, ch. 110, par. 12—1201.) Thus, whether plaintiff's malpractice claim in the instant case is exempt from the bankruptcy estate depends on whether Illinois law allows an exemption for such claims. A legal malpractice action, however, is not included in the list of personal property exemptions permitted by Illinois statute. See Ill. Rev. Stat. 1987, ch. 110, par. 12—1001.

■■ It is not entirely clear whether the exemptions referred to in section 522 are only statutory in nature. If common law exemptions apply, then plaintiff's legal malpractice claim would constitute exempt property, as, in Illinois, a common law action for legal malpractice is personal to the client and not assignable. (*Clement v. Prestwich* (1983), 114 Ill. App. 3d 479, 480.) Such an action arises from the personal relationship which exists between attorney and client and is a claim that the client's attorney has breached his personal duty and trust to that client by failing to exercise the requisite degree of care and skill or by failing to give the utmost loyalty and fidelity to the client's interest (*Christison v. Jones*, 83 Ill. App. 3d at 338), and that the client has been injured as a result of the breach. (*Clement*, 114 Ill. App. 3d at 480.) "[S]ound public policy prohibits the assignment of [legal malpractice] claims since an assignee would be a stranger to the attorney-client relationship, who was owed no duty by the attorney and who suffered no injury from the attorney's actions." (114 Ill. App. 3d at 480-81.) Based on this finding and if common law exemptions are permitted to exclude certain property from the bankruptcy estate, a bankruptcy trustee could not possess an action for legal malpractice even though it was an asset of the bankruptcy estate. Nevertheless, whether plaintiff's legal malpractice claim constituted property which could be found exempt from the bankruptcy estate based on Illinois common law was a determination to be made by the bankruptcy court. However, such a determination was never reached by that court.

At the initial hearing on defendants' motion to dismiss plaintiff's complaint, the trial court ruled against defendants, stating that the evidence was insufficient to show that plaintiff's malpractice claim was property of the bankruptcy estate. In our view, it was untimely for the trial court to rule on defendants' motion to reconsider the trial court's denial of its motion to dismiss until the bankruptcy court had made a determination regarding whether the plaintiff's malpractice

action belonged to plaintiff or to the bankruptcy estate, especially in light of the fact that a hearing before the bankruptcy court on that matter was scheduled for November 17, 1989, the day immediately following the November 16 hearing on defendants' motion for reconsideration.

At the November 16 hearing, defendants presented to the trial court the notice of the bankruptcy court's November 17 hearing wherein that court stated that on November 17 it would consider the transfer by the bankruptcy trustee to plaintiff of any interest the trustee "may have" in the malpractice action. In light of this fact, the trial court should have continued the matter before it until after the bankruptcy court's hearing. Instead, the trial court, apparently relying on the November 17 notice's reference to the trustee's possible interest in plaintiff's malpractice action and ignoring that the malpractice claim had been listed as an exemption on plaintiff's bankruptcy petition, determined that the cause of action was property of the bankruptcy estate and, therefore, could be brought only by the trustee.

Although the bankruptcy court's order of November 22, 1989, specifically stated that it was making no determination whether the legal malpractice claim was property of the bankruptcy estate, it did order the trustee to transfer his interests, "if any," in the claim to plaintiff in exchange for plaintiff's payment of $2,500 to the trustee. The payment represented a compromise between the trustee and plaintiff of the trustee's objections to plaintiff's claimed exemptions. Among those objections was the trustee's objection to plaintiff's claimed exemption to her right, as opposed to the trustee's, to bring the legal malpractice action against defendants. That objection, as well as others which the trustee had filed in the bankruptcy court against plaintiff's claimed exemptions, was ordered withdrawn by the bankruptcy court in its November 22 order. In effect, therefore, the trustee assigned the malpractice claim to plaintiff in return for a payment of $2,500. The effect of the bankruptcy court's order was to take the cause of action for legal malpractice out of the bankruptcy court and give it to the plaintiff, who then had standing to proceed with the action.

At the December 19, 1989, hearing, on plaintiff's motion for reconsideration of the trial court's November 16 order dismissing plaintiff's complaint, plaintiff presented the bankruptcy court's November 22 order to the trial court. Given that order, it was evident at the hearing on plaintiff's motion for reconsideration that plaintiff had standing to bring the malpractice claim. As defendants' main premise

in their motion to dismiss was plaintiff's lack of standing, the trial court should have granted plaintiff's motion to reconsider and vacated its November 16, 1989, order dismissing plaintiff's complaint.

■ Defendants argue that the court's December 19 order, denying plaintiff's motion to reconsider, is not properly before this court because plaintiff failed to appeal that order. Therefore, defendants assert, plaintiff cannot raise in this court the issue of the trial court's abuse of discretion in denying plaintiff's motion to reconsider. However, as plaintiff correctly points out, although an order denying a post-judgment motion is not appealable (*Sears v. Sears* (1981), 85 Ill. 2d 253, 258), an appeal from the underlying judgment, which plaintiff has filed here, carries with it the ruling denying the post-judgment motion (*Ingle v. Hospital Sisters Health System* (1986), 141 Ill. App. 3d 1057, 1060). Thus, plaintiff's December 19 motion to reconsider is properly before this court. Moreover, the motion did bring new information to the trial court's attention, *i.e.*, that, as of November 22, 1989, plaintiff owned the legal malpractice claim. The trial court abused its discretion in denying plaintiff's post-judgment motion, and we, therefore, reverse that denial.

In view of our disposition in the instant case, it is not necessary to review the issues raised in case No. 2—90—0498 of this consolidated appeal.

In case No. 2—90—0014, the judgment of the circuit court of Du Page County dismissing plaintiff's complaint is reversed, and the cause is remanded for further proceedings.

In case No. 2—90—0498, the circuit court's judgment dismissing plaintiff's complaint on the ground that another action between the same parties for the same cause was pending is affirmed.

No. 2—90—0014, Reversed and remanded.
No. 2—90—0498, Affirmed.

REINHARD, P.J., and WOODWARD, J., concur.