**In re Gilbert L. DEALEY, Alice C. Dealey, Debtors.**

**Bankruptcy No. 96–72737.**

United States Bankruptcy Court, C.D. Illinois.

Jan. 10, 1997.

Denis A. McGrady, Jr., Gillespie, IL, for Debtors.

Mariann Pogge, Trustee, Springfield, IL.

### OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether a claim for "loss of consortium" is exempt pursuant to 735 ILCS 5/12–1001(h)(4).

The material facts are not in dispute. The Debtors, Gilbert and Alice Dealey, filed their

**18**

petition pursuant to Chapter 7 of the Bankruptcy Code on October 15, 1996. The Debtors listed as an asset of their estate a lawsuit against Aldi, Inc. The Debtors have claimed an exemption of $3,700.00 in this lawsuit pursuant to the wild card exemption of 735 ILCS 5/12–1001(b) and $15,000.00 pursuant to the personal bodily injury exemption of 735 ILCS 5/12–1001(h)(4). The Trustee filed a timely objection to the exemption claim on the grounds that the "claim is not for personal injury".

■ 735 ILCS 5/12–1001(h)(4) provides in pertinent part as follows:

> The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
>
> \*   \*   \*   \*   \*   \*
>
> (h)(4) a payment, not to exceed $7,500 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent.

The Trustee argues that a loss of consortium is not a personal bodily injury, and relies on the plain meaning of the statute. The Debtors argue that Illinois law treats the loss of consortium as a personal injury, and that Illinois lawyers use the terms "personal injury" and "personal bodily injury" interchangeably. Neither party cited an Illinois case on this issue.

While Illinois courts have not addressed the issue, bankruptcy courts interpreting exemption statutes from other states and the federal exemption statute have found a loss of consortium to be exempt because it is derived from the spouse's personal bodily injury. See, *In re Turner*, 190 B.R. 836, 840–41 (Bankr.S.D.Ohio 1996) (Loss of consortium is a derivative action, deriving from a spouse's claim for bodily injury under Ohio law); *In re Young*, 93 B.R. 590, 594–95 (Bankr.S.D.Ohio 1988); *In re Starr*, 101 B.R. 274, 275 (Bankr.E.D.Okla.1988) (Consortium action, though derivative, is founded on a personal bodily injury action under Oklahoma law); *In re Loyd*, 86 B.R. 663, 664 (Bankr.W.D.Okla.1988); *In re Carlson*, 40 B.R. 746, 748 (Bankr.D.Minn.1984) (Minnesota personal injury exemption includes loss of consortium); *In re Lynn*, 13 B.R. 361, 363 (Bankr.W.D.Wis.1981) (Loss of consortium is

on account of actual bodily injury and therefore exempt under 11 U.S.C. § 522(d)(11)(D)).

■ Exemption statutes should be liberally construed in favor of the debtor. If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen. *In re Barker*, 768 F.2d 191, 196 (7th Cir.1985); *In re Jackson*, 95 B.R. 590, 593 (Bankr.C.D.Ill.1989). Given this liberal construction of exemption statutes and the case law on this issue, the Court is persuaded that the Debtors' claim for loss of consortium is exempt pursuant to 735 ILCS 5/12–1001(h)(4).

For the foregoing reasons, the Trustee's Objection to Claim of Exemption filed November 25, 1996, is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.