In re Kevin V. CHAPMAN and Vickie
R. Chapman, Debtors.

No. 98 B 04892.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

July 28, 1998.

David E. Grochocinski, Grochocinski & Grochocinksi, Palos Heights, IL, for Movant.

Kent A. Gaertner, Mohr & Gaertner, Naperville, IL, for Respondent.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the objections of David E. Grochocinski, the Chapter 7 Case Trustee, which have been adopted by Jack McCullough, the Standing Chapter 13 Trustee assigned to this case, to the claim of exemption by one of the Debtors, Vickie R. Chapman in a cause of action. The issue before the Court is whether the Debtor's claim of exemption in this cause of action is proper as a payment on account of "personal bodily injury of the debtor" pursuant to 735 ILCS 5/12–1001(h)(4). For the reasons set forth herein, the Court hereby sustains the objections. None of the alternative theories of recovery for invasion of privacy, defamation and breach of contract claimed by the Debtor, who seeks damages for alleged mental distress, suffering, humiliation, embarrassment, injury to her reputation and profession and loss of income, are for any "personal bodily injury."

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## II. FACTS AND BACKGROUND

On February 18, 1998, the Debtors filed a Chapter 7 petition and concurrently filed a list of property (Schedules A and B) and a list of exempt property (Schedule C). See Group Exhibit No. 1 to Trustee's Objections to Exemption. On March 30, 1998, the Debtors filed Amended Schedules B and C. See Group Exhibit No. 2 to Trustee's Objections to Exemption. Schedule B disclosed a cause of action entitled Vickie R. Chapman v. Fred H. Conger, Herbert J. Bell, First United Methodist Church of Downers Grove, Inc., and Herbert J. Bell, Ltd., 97 L 05296 (the "Lawsuit"), which is currently pending in the Circuit Court of Cook County, Illinois. See Group Exhibit No. 3 to Trustee's Objections to Exemption. The Debtor's complaint alleges the following causes of action: Count I invasion of privacy—public disclosure of private facts; Count II defamation; Count III invasion of privacy—public disclosure of private facts; Count IV breach of contract; and Count V invasion of privacy—intrusion upon seclusion. Id. The Debtor alleges that the actions of the defendants have caused her severe mental distress, humiliation, embarrassment, great mental anguish and suffering. It is these alleged damages asserted by the Debtor which she argues fall within the ambit of the Illinois exemption for "personal bodily injury" under 735 ILCS 5/12–1001(h)(4).

Pursuant to the original Schedule C, the Debtor claimed the Lawsuit exempt under 735 ILCS 5/12–901 and 5/12–1001 et seq. and valued the exemption at $16,650.00. See Group Exhibit No. 1 to Trustee's Objections to Exemption. The amendment to Schedule C reduces the amount to $15,000.00. See Group Exhibit No. 2 to Trustee's Objections to Exemption. On May 8, 1998, the Debtors' case was converted to Chapter 13.

The Trustee objects to the Debtor's claim of exemption on the bases that the Lawsuit does not set forth any "personal bodily injury" and that the amount of the exemption exceeds the statutory limit. The Chapter 13 Standing Trustee has filed a pleading in support of the Chapter 7 Trustee's position.

### III. *DISCUSSION*

■ Under the Bankruptcy Code, either the applicable state or the federal exemptions may be selected pursuant to 11 U.S.C. § 522 unless a state chooses to "opt out" of the federal exemption scheme. *See* 11 U.S.C. § 522(b)(1). The Illinois General Assembly "opted out" by enacting Ill.Rev.Stat. ch. 110, ¶ 12–1201, now recodified and cited as 735 ILCS 5/12–1201. Hence, Illinois debtors are required to use the exemptions provided by Illinois law. *In re Ball,* 201 B.R. 204, 206 (Bankr.N.D.Ill.1996). Illinois exemption statutes are to be interpreted liberally in favor of the debtor. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985). If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen. *Id.; In re Dealey,* 204 B.R. 17, 18 (Bankr.C.D.Ill.1997). The purpose of the exemption provision is to protect a debtor's fresh start in bankruptcy. *In re Wright,* 156 B.R. 549, 554 (Bankr.N.D.Ill. 1992).

■ After a debtor claims property exempt, any party in interest may object to the claimed exemption. 11 U.S.C. § 522(*l*); Fed. R. Bankr.P. 4003(b); *In re Salzer,* 52 F.3d 708, 711 (7th Cir.1995), *cert. denied,* 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996); *In re Kazi,* 985 F.2d 318, 320 (7th Cir.1993). Section 522(*l*) provides that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*). Bankruptcy Rule 4003 affords the trustee and creditors thirty days after the conclusion of the meeting of creditors to object. The United States Supreme Court has stated that § 522(*l*) and Bankruptcy Rule 4003(b) bar contesting the validity of an exemption after the thirty-day period for objecting has expired where no extension has been granted, even though a valid objection could have been made if the party acted promptly. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 642–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *see also Kazi,* 985 F.2d at 320; *Salzer,* 52 F.3d at 711. The Court finds that the Chapter 7 Trustee timely objected to the Debtor's claimed exemption in the Lawsuit and that the successor Chapter 13 Standing Trustee has adopted same.

The Debtor claims the Lawsuit exempt pursuant to 735 ILCS 5/12–1001(h)(4) which provides:

> (h) The debtor's right to receive, or property that is traceable to:
>
> (4) a payment, not to exceed $7,500 in value, on account of *personal bodily injury of the debtor* or an individual of whom the debtor was a dependent. . . .

735 ILCS 5/12–1001(h)(4) (emphasis supplied). The Debtor also claims the Lawsuit exempt under 735 ILCS 5/12–901 which is the homestead exemption. The Court assumes the citation to this section was a typographical and proofreading error. It is functionally impossible for any lawsuit or cause of action to serve as the physical place either in real or personal property in which a debtor can reside.

■ If a statute is plain and unambiguous on its face, "judicial inquiry is complete." *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (citations omitted); *In re Sinclair,* 870 F.2d 1340, 1341 (7th Cir.1989) (collecting cases). A court construing a statute should first look to the language of the statute. If the language is clear and unambiguous, the Court should look no further. *Barker,* 768 F.2d at 194–95. The statute at issue does not define "personal bodily injury." Hence, it is latently ambiguous because it is unclear whether emotional or psychological trauma suffered by the Debtor falls within the limited scope of the exemption as would physical trauma. Accordingly, the Court must look beyond the text of the statute to ascertain the meaning of the phrase "personal bodily injury." In the absence of statutory definitions indicating a different legislative intent, words in a statute are to be given their

ordinary and popularly understood meaning. *People ex rel. Daley v. Datacom Sys. Corp.*, 146 Ill.2d 1, 15, 165 Ill.Dec. 655, 585 N.E.2d 51, 57 (1991).

Neither the Court nor counsel for the Debtors were able to find relevant Illinois case law which holds that emotional or psychological injuries constitute or are included as part of bodily injury. Black's Law Dictionary defines "bodily injury" as only "injury to the body, or to sickness or disease contracted by the injured as a result of injury...." Black's Law Dictionary 175 (6th ed.1990). "Physical" is defined as "[r]elating or pertaining to the body, as distinguished from the mind or soul or the emotions...." *Id.* at 1147. "Personal injury" is defined as follows:

> In a narrow sense, a hurt or damage done to a man's person, such as a cut or a bruise, a broken limb, or the like, as distinguished from an injury to his property or his reputation. The phrase is chiefly used in this connection with actions of tort for negligence and under worker's compensation statutes. But the term is also used (usually in statutes) in a much wider sense, and as including any injury which is an invasion of personal rights, and in this signification it may include such injuries to the person as libel or slander, criminal conversation, malicious prosecution, false imprisonment, and mental suffering....

*Id.* at 786.

■ Utilizing these definitions, the Court finds that the Debtor's allegations in the Lawsuit of defamation, breach of contract, severe mental distress, humiliation, embarrassment, great mental anguish and suffering do not constitute "personal bodily injury." Rather, these injuries are more emotional in nature. Thus, the Court construes the meaning of § 12–1001(h)(4) to be restricted to actual physical bodily injury as opposed to broadening it to include mental anguish and distress attendant to claims for damage to reputation, invasion of privacy and breach of contract.

The Court finds that the Debtor has not set forth any "personal bodily injury" claims in the Lawsuit. The common meaning of the statutory text limits the exemption only to bodily injury. If the Illinois legislature intended to include emotional injury within the scope of the exemption, the statute could have been easily drafted to include that type of injury by merely using the phrase "personal injury." By adding the adjective "bodily," the Illinois General Assembly effectively limited the exemption. Nowhere in the Lawsuit did the Debtor allege any type of physical injury.

■ While the Debtor's exemptions must ultimately be determined in accordance with Illinois law, a brief comparison with the federal exemption scheme aids in resolving the issue at bar. Section 522(d)(11)(D) of the Bankruptcy Code provides that a debtor may exempt "a payment, not to exceed $15,000, on account of *personal bodily injury, not including pain and suffering* or compensation for actual pecuniary loss...." 11 U.S.C. § 522(d)(11)(D) (emphasis supplied). The legislative history of this section provides that the exemption "is designed to cover payments in compensation of actual bodily injury, such as the loss of limb, and is *not intended* to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings." H.R. No. 95–595, 95th Cong., 1st Sess. 361–362 (1977); U.S.Code Cong. & Admin. News 1978, 5787, 6318 (emphasis supplied). The Debtor cites *In re Dealey,* 204 B.R. 17 (Bankr.C.D.Ill.1997) and *In re Harvey,* 141 B.R. 164 (Bankr.E.D.Wis.1992) in support of her position. Both cases are factually and legally distinguishable. In the *Dealey* case, Judge Lessen held that the debtors' claim for loss of consortium was exempt under § 12–1001(h)(4). 204 B.R. at 18. The court was persuaded by a number of other bankruptcy courts interpreting exemption statutes from other states and the federal exemption statute that all found a loss of consortium to be exempt as it is derived from the spouse's personal bodily injury. *Id.* The case at bar is clearly distinguishable because the Debtor has not alleged a loss of consortium in the Lawsuit. Loss of consortium consists of several elements encompassing not only material services but such intangibles as society, guidance, companionship and sexual relations. *Country-*

man v. Winnebago County, 135 Ill.App.3d 384, 388, 90 Ill.Dec. 344, 347, 481 N.E.2d 1255, 1258 (2d Dist.1985). Loss of consortium in *Dealey* is distinguishable from the mental distress, anguish and suffering claimed by the Debtor here by virtue of that debtor's loss of sexual relations, producing not only emotional and psychological harm, but also the deprivation of the physical benefits of sexual relations. Such is clearly a bodily injury through deprivation suffered by the debtor in *Dealey*, but absent here.

The *Harvey* case is also distinguishable for a number of reasons. In *Harvey*, Judge McGarity held that proceeds from a settlement of the debtor's bad faith claim against the disability insurer came within the Wisconsin exemption for "personal bodily injury." The court found that the debtor's bad faith claim against the insurance company included both physical and emotional injuries or bodily injuries and pain and suffering as specified in the exemption statute. 141 B.R. at 169. The debtor's physical signs of heart palpitations, insomnia, headaches and shakiness were construed as the requisite "bodily injury." *Id.* The court then found that the debtor's emotional distress was the "pain and suffering." *Id.* The *Harvey* case does not lend support to the Debtor's position for several reasons. First, the Wisconsin statute, unlike the relevant Illinois statute, specifically includes a debtor's pain and suffering in the statutory text. *See* Wis. Stat. § 815.18(3)(i)1.c ("A payment, not to exceed $25,000, resulting from *personal bodily injury, including pain and suffering. . . .*") (emphasis supplied). Second, unlike the debtor in *Harvey*, the Debtor in this case has not alleged any physical bodily injury such as heart palpitations, insomnia, headaches or shakiness. Rather, she has alleged emotional and psychological distress and injury as a result of the defendants' alleged actions. Finally, the most compelling reason the court in *Harvey* found the claim resulted from personal bodily injury was that the debtor was involved in a serious car accident which injured her leg and left her physically disabled and unable to return to work. 141 B.R. at 166, 169. By marked contrast in the matter at bar, the Debtor was not involved in any accident which left her body physically injured. The result here comports with the analogous situation in *In re Langa*, 222 B.R. 843 (Bankr.C.D.Ill.1998) in which the same colleague who decided the *Dealey* case held that § 12–1001(h)(4) does not extend to exemption claims for sexual harassment and employment discrimination not involving any personal bodily injury to the debtor.

■ Next, the Trustee objects to the amount of the Debtor's claimed exemption. The Trustee asserts that the $15,000.00 claimed by the Debtor exceeds the Illinois statutory limit or cap of $7,500.00 under § 12–1001(h)(4). The Court sustains this objection as well. The Debtor may not rely on the $7,500.00 Illinois homestead exemption contained in § 12–901 and attempt to "stack" the exemptions claimed to total $15,000.00 because the Lawsuit is not the real or personal property occupied by the Debtor as her residence.

## IV. CONCLUSION

For the foregoing reasons, the Court sustains the objections of the Chapter 7 Trustee to the Debtor's claim of exemption in the Lawsuit.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.