**In re Josephine HICE, Debtor.**

**Bankruptcy No. 98 B 05632.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Aug. 4, 1998.

Deborah K. Ebner, Chicago, IL, for Debtor.

Gina B. Krol, Cohen & Krol, Chicago, IL, for Movant.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the objection of Gina B. Krol, the Chapter 7 Case Trustee, to the Debtor's claim of exemption in a legal malpractice cause of action. The issue before the Court is whether the Debtor's claim of exemption in this cause of action constitutes a right to receive alimony, support or separate maintenance pursuant to 735 ILCS 5/12–1001(g)(4). For the reasons set forth herein, the Court sustains the objection and holds that a cause of action for legal malpractice is not a right to receive alimony, support or separate maintenance under 735 ILCS 5/12–1001(g)(4), and thus is not exempt under the Illinois statute. The cause of action is a part of the bankruptcy estate under 11 U.S.C. § 541(a)(1).

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## II. FACTS AND BACKGROUND

On February 24, 1998, the Debtor filed a Chapter 7 petition. Thereafter, on February 26, 1998, the Debtor filed Schedules and a Statement of Financial Affairs. The Debtor's Schedule C makes various claims of exemption, including "legal malpractice against Thomas Grotta in [sic] filed as counterclaim in 97 CH 13552." The basis for this claim of exemption is 735 ILCS 5/12–1001(g)(4). The Debtor claims the value of the exemption at $48,000.00.

The following facts give rise to the claim of exemption. The Debtor was the petitioner in a dissolution of marriage action filed in the Circuit Court of Cook County, Illinois. A judgment of dissolution was entered on September 16, 1994. See Exhibit A to Response of Debtor to Trustee's Objection to Debtor's Claim of Exemption. Pursuant to the judgment for dissolution, the Debtor's ex-spouse was directed to convey certain property, including the marital residence and interest in various cash accounts to the Debtor. Id. at ¶s 1, 4, 5, and 8. Additionally, the Debtor's ex-spouse was directed to pay to her and the minor children of the marriage $700.00 per month in permanent maintenance and $500.00 per month as child support, respectively. Id. at ¶s 13 and 14. The Debtor was represented in the dissolution action by Thomas E. Grotta. The Debtor asserts that the other property transfers to her were intended as maintenance and should be so construed here.

On September 9, 1996, the Debtor's former spouse filed a Chapter 7 petition (96 B 23719). The Debtor continued to utilize the legal services of Thomas E. Grotta and retained him to preserve her rights against her former spouse in his bankruptcy case. The Debtor alleges that Thomas E. Grotta failed to file an action under either 11 U.S.C. §§ 523(c) or 727(a). As a result of his inaction, the Debtor maintains that she is time barred (under Federal Rules of Bankruptcy Procedure 4007(c) and 4004(a), respectively) from pursuing **Adversary** and acquiring that portion of the award in the judgment for dissolution that was to be construed as "property settlement." In addition, the Debtor alleges that as a result of Thomas E. Grotta's inaction, there was no determination made in her former husband's bankruptcy case on her behalf of what constituted alimony and or support in the judgment for dissolution of marriage. The Debtor contends that a portion of the award granted her in the judgment for dissolution was in the nature of alimony and or support and therefore nondischargeable under 11 U.S.C. § 523(a)(5). The Debtor claims that her former husband has failed to pay alimony/maintenance to her and has also failed to pay child support to the minor children.

On February 3, 1998, the Debtor filed a counterclaim in an action entitled *Thomas E. Grotta v. Josephine Hice*, 97 CH 13552, pending in the Circuit Court of Cook County, Illinois. See Exhibit B to Response of Debtor to Trustee's Objection to Debtor's Claim of Exemption. In her counterclaim against Thomas E. Grotta, the Debtor alleges that but for his negligence, certain of the awards referenced in the judgment for dissolution of

marriage would have been found to be non-dischargeable property settlement (presumably under 11 U.S.C. § 523(a)(15)) and alimony or support pursuant to 11 U.S.C. § 523(a)(5).

The Trustee objects to the Debtor's claim of exemption in the legal malpractice action against Thomas E. Grotta on the basis that it is not "a right to receive alimony, support or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor" as required by 735 ILCS 5/12–1001(g)(4). Rather, the Trustee contends that this cause of action is simply a legal malpractice claim (as the claim of exemption clearly states on the Debtor's Schedule C) against the Debtor's former attorney who allegedly failed to protect the Debtor's interest in her ex-spouse's bankruptcy case. The Debtor contends that to the extent that the proceeds of the malpractice action are traceable to alimony, support and maintenance, those proceeds should be exempt under the Illinois statute.

### III. DISCUSSION

■ Under the Bankruptcy Code, either the applicable state or the federal exemptions may be selected pursuant to 11 U.S.C. § 522 unless a state chooses to "opt out" of the federal exemption scheme. *See* 11 U.S.C. § 522(b)(1). The Illinois General Assembly "opted out" by enacting Ill.Rev.Stat. ch. 110, ¶ 12–1201, now recodified and cited as 735 ILCS 5/12–1201. Hence, Illinois debtors are required to use the exemptions provided by Illinois law. *In re Ball,* 201 B.R. 204, 206 (Bankr.N.D.Ill.1996). Illinois exemption statutes are to be interpreted liberally in favor of the debtor. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985). If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen. *Id.; In re Dealey,* 204 B.R. 17, 18 (Bankr.C.D.Ill.1997). The purpose of the exemption provision is to protect a debtor's fresh start in bankruptcy. *In re Wright,* 156 B.R. 549, 554 (Bankr.N.D.Ill. 1992).

■ After a debtor claims property exempt, any party in interest may object to the claimed exemption. 11 U.S.C. § 522(*l*); Fed. R. Bankr.P. 4003(b); *In re Salzer,* 52 F.3d 708, 711 (7th Cir.1995), *cert. denied,* 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996); *In re Kazi,* 985 F.2d 318, 320 (7th Cir.1993). Section 522(*l*) provides that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*). Bankruptcy Rule 4003 affords the trustee and creditors thirty days after the conclusion of the meeting of creditors to object. The United States Supreme Court has stated that § 522(*l*) and Bankruptcy Rule 4003(b) bar contesting the validity of an exemption after the thirty-day period for objecting has expired where no extension has been granted, even though a valid objection could have been made if the party acted promptly. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 642–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *see also Kazi,* 985 F.2d at 320; *Salzer,* 52 F.3d at 711. On May 8, 1998, the Court entered an order extending the time in which the Trustee could file an objection to the Debtor's claim of exemptions to June 8, 1998. On June 2, 1998, the Trustee filed an objection to the exemption. The Court finds that the Trustee timely objected to the Debtor's claimed exemption in the cause of action.

■ The Debtor claims the legal malpractice cause of action exempt pursuant to 735 ILCS 5/12–1001(g)(4) which provides:

(h) The debtor's right to receive:

(4) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

735 ILCS 5/12–1001(g)(4).

If a statute is plain and unambiguous on its face, "judicial inquiry is complete." *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (citations omitted); *In re Sinclair,* 870 F.2d 1340, 1341 (7th Cir.1989) (collecting cases). A court construing a statute should first look to the language of the statute. If the language is clear and unambiguous, the Court should look no further. *Barker,* 768 F.2d at 194–95.

The Court finds that the language of § 12–1001(g)(4) is clear and unambiguous on its

**158**

face. It is beyond the commonly understood uses of the terms "alimony," "support" or "maintenance" to conclude that a legal malpractice action for failure to pursue one or more of such benefits is subsumed within their meanings. *See generally People ex rel Daley v. Datacom Sys. Corp.*, 146 Ill.2d 1, 15, 165 Ill.Dec. 655, 585 N.E.2d 51, 57 (1991) (in the absence of statutory definitions indicating a different legislative intent, words in a statute are to be given their ordinary and popularly understood meaning). In short, a legal malpractice action is not the functional equivalent of either "alimony," "support" or "maintenance." Moreover, the Debtor incorrectly assumes that if Thomas E. Grotta had filed an adversary proceeding on her behalf in her former husband's bankruptcy case alleging that the awards in the judgment of dissolution were nondischargeable maintenance, support or property settlement, that a court would have necessarily agreed with the Debtor's characterization of those awards as nondischargeable. In short, the Court sustains the Trustee's objection to the Debtor's claim of exemption in the legal malpractice action as it does not constitute the Debtor's right to receive alimony, support or maintenance under § 12–1001(g)(4).

■ The Debtor seems to argue that the malpractice action is an estate asset but exempt, yet not part of the estate at all because it is non-assignable under Illinois law. As the Court has previously noted, an asset is either part of the bankruptcy estate, and perhaps exempt therein, or alternatively, it is not a part of the estate, in which case, the asset is not subject to administration before the bankruptcy court. *See In re Templeton,* 146 B.R. 757, 764 (Bankr.N.D.Ill.1992).

The Debtor cites *Scarlett v. Barnes,* 121 B.R. 578 (W.D.Mo.1990) in support of her position. The Debtor claims that this case is squarely on point with the matter at bar. The Court finds that the *Scarlett* case is both legally and factually distinguishable from the instant situation. In *Scarlett,* the court was faced with an objection by the Chapter 7 case trustee to the debtor's claim of exemption in a cause of action for legal malpractice. The issue before the court was whether the debtor's right of action for legal malpractice was

exempt from attachment and execution under the laws of Missouri. *Id.* at 579. Missouri, like Illinois opted out of the federal exemption scheme. *Id.* The court held that under Missouri law, the debtor's cause of action for legal malpractice was a personal, unassignable claim and therefore was not subject to attachment and execution and was exempt. *Id.* at 583. The *Scarlett* court was not faced with the issue of whether the proceeds of the legal malpractice action constituted alimony, support or maintenance for purposes of § 12–1001(g)(4), like the matter at bar. Rather, the court in *Scarlett* was required to determine whether the cause of action was "exempt from attachment and execution under the law of the state of Missouri. . . ." *Id.* at 579. Thus, this case is not "on all fours" with the Debtor's claim of exemption under Illinois law. The result in *Scarlett* was that under Missouri law, the malpractice action was effectively not part of the bankruptcy estate and thus exempt, similar to the Debtor's alternative argument.

The Debtor alternatively cites to § 70(a) of the former Bankruptcy Act of 1898, 11 U.S.C. § 110(a)(5) (1964), which provided that certain causes of action would not be vested in the bankruptcy trustee, "unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration or other judicial process. . . ." She cites to *Christison v. Jones,* 83 Ill.App.3d 334, 39 Ill.Dec. 560, 405 N.E.2d 8 (3d Dist.1980) for the proposition that legal malpractice claims are personal and non-assignable and thus not a part of the bankruptcy estate under the Bankruptcy Act. The *Christison* case, however, is limited by its outdated reliance on the narrower scope of what went into bankruptcy estates under § 70 of the Bankruptcy Act of 1898, which is inapplicable here. This is in marked contrast to the broader scope of Section 541(a)(1) of the Bankruptcy Code, which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Moreover, the decision in *Hoth v. Stogsdill,* 210 Ill.App.3d 659, 155 Ill.Dec. 34, 569 N.E.2d 34 (2d Dist.1991), cited by the Trustee, noted this salient fact and that Illinois, as an opt out state regarding exemptions, has not in-

cluded legal malpractice actions among the list of permitted personal property exemptions. 210 Ill.App.3d at 665–66, 155 Ill.Dec. 34, 569 N.E.2d at 39. *Hoth* correctly noted that § 70 of the former Bankruptcy Act of 1898 has been superseded by the broader scope of § 541(a)(1) of the Bankruptcy Code. *Id. Hoth* involved a settlement between the debtor and the bankruptcy trustee regarding a legal malpractice claim that was sold with bankruptcy court approval by the trustee to the debtor for $2,500.00. The bankruptcy judge did not make a determination whether the claim was property of the bankruptcy estate. *Id.* at 667, 569 N.E.2d at 40.

The Court concludes that the better view and the prevailing weight of authority is that the broad scope of § 541(a)(1) encompasses the Debtor's legal malpractice cause of action which is a part of the bankruptcy estate, and it is not within any of the limited exceptions of § 541(b) or (c). *See, e.g., Haaland v. Corporate Management, Inc.,* 172 B.R. 74, 76 (S.D.Cal.1989); *In re Tomaiolo,* 205 B.R. 10, 14–15 (Bankr.D.Mass.1997); *Allen v. Moore (In re Allen),* 179 B.R. 818, 821 (Bankr. E.D.Tex.1995); *Ellwanger v. Budsberg (In re Ellwanger),* 140 B.R. 891, 898 (Bankr. W.D.Wash.1992).

### IV. CONCLUSION

For the foregoing reasons, the Court sustains the Trustee's objection to the Debtor's claim of exemption in the legal malpractice cause of action and holds that it is a non-exempt part of the bankruptcy estate under 11 U.S.C. § 541(a)(1).

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.