**In re Phillip T. TOSTI, Anneliese R. Tosti, Debtors.**

**No. 00–52833.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Nov. 28, 2001.

Phillip T. Tosti, Anneliese R. Tosti, Steubenville, OH, Thomas R. Straus, Esq., Freifield, Bruzzese, Wehr, Moreland, Straus and Spahn, Steubenville, OH, for Debtors.

D. William Davis, Esq., Bridgeport, OH, Chapter 7 Trustee.

## OPINION AND ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR–WIFE'S CLAIM OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the trustee's objection to the debtor-wife's claim of exemption in certain personal injury settlement proceeds. The debtors opposed the objection, and the Court conducted a hearing on October 19, 2001.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(B).

The settlement proceeds derived from the debtor-husband's prepetition asbestos claim. The debtor-wife asserts that such settlement included a separate claim on her behalf for loss of consortium. She claims an entitlement to exempt her con-sortium claim under Ohio Revised Code § 2329.66(A)(10)(c) which provides for the exemption of a payment not to exceed $5,000 on account of personal bodily injury. The trustee contends that the debtor-wife's loss of consortium is not a "personal bodily injury" within the meaning of this provision.

The Court must first determine as a preliminary matter whether the debtor-wife's consortium claim was included in the settlement proceeds turned over to the trustee. At the hearing, the trustee testified and introduced exhibits in support of his belief that the funds were paid on behalf of the debtor-husband only. The Court ordered the record to remain open for a period of two weeks to permit the debtors to show that the debtor-wife was, in fact, a party to the underlying lawsuit.

On October 29, 2001, the debtors filed a supplemental memorandum and documentation in support of their opposition to the trustee's objection. This documentation evidences that the debtor-wife was a named plaintiff in the asbestos litigation, and that she had been required to release her claims as part of certain pre-bankruptcy settlements. The trustee did not respond to the debtors' post-hearing memorandum.

In *Matter of Young*, 93 B.R. 590 (Bankr. S.D.Ohio 1988), Judge Waldron reviewed the applicable Ohio case law and concluded that a loss of consortium claim constituted a personal bodily injury within the meaning of Ohio Rev.Code § 2329.66(A)(12)(c). In the absence of any evidence from the trustee that the debtor-wife was not entitled to a share of the settlement proceeds, he determined that the debtor-wife in that case could exempt $5,000 for her loss of consortium claim. *Id.* at 595. *Accord In re Hartney*, 1990 WL 250985 (N.D.Ohio Jan.2, 1990).

This Court sees no reason to depart from the prior holdings in *Young* and *Hartney*. An examination of the case law construing similar exemption provisions in other state statutes reveals that other jurisdictions have reached the same conclusion. *See, e.g., In re Longhenry*, 246 B.R. 234 (Bankr.D.Md.2000) and *In re Dealey*, 204 B.R. 17 (Bankr.C.D.Ill.1997).

Based on the foregoing, the Court finds that the debtor-wife's loss of consortium constitutes a personal bodily injury for purposes of Ohio Rev.Code § 2329.66(A)(12)(c). Accordingly, the trustee's objection to the debtor-wife's claim of exemption of $5,000 is **OVERRULED**.

**IT IS SO ORDERED**.